Hon. JOHN S. TENNEY, LL. D. } ASSOCIATE
Hon. JOSEPH HOWARD, . } JUSTICES.

## CAPITAL CASE.

### STATE *versus* JAMES H. SMITH.

The rule of the common law is in force in this State, that when the death
of a human being occurs by the act of one, who is in pursuit of an unlawful
design, without any intention to kill, it will be either murder or man-
slaughter, according as the *intended* offence is a felony or only a mis-
demeanor.

Whether such intended offence be a felony or a misdemeanor, is not to be
ascertained by the common law classification of crimes, but by the classifi-
cation made in our own statutes.

Any crime, *liable* to be punished by imprisonment in the State prison, is a
felony. It belongs to the class of felonies, although by statute made pun-

State v. Smith.

ishable, in the alternative, *either* in the State prison, *or* the county jail, *or* by a fine.

In an indictment for murder, alleging the act to have been done with a specified instrument, it is not necessary to be proved that the act was done with that particular instrument. It will be sufficient if proved to have been done with some other instrument, if the *nature* of the violence, and the *kind* of death occasioned by it, be the same.

In an indictment, alleging that a pregnant female was murdered by the defendant, by his attempt to procure an abortion, it is not requisite to allege that she was *quick* with child.

Though such an allegation be inserted, it need not be proved; for as it is no part of the description of the offence, it may be rejected as surplusage.

An experienced physician, after having made a *post mortem* examination of the body of a female, may, *as an expert*, offer his opinion whether she had been pregnant, and what was the cause of her death.

Upon trial on such an indictment, the prisoner is to be presumed innocent, until proved to be guilty.

In order to a conviction upon such a trial, it is requisite that, in view of all the evidence, the jury believe, beyond a reasonable doubt, that the accused is guilty.

INDICTMENT, for the murder of one Beringera D. Caswell. It contained four counts.

The third count charged, in substance, that at, on, &c. Beringera D. Caswell was pregnant and *quick* with child, and that the defendant, intending to procure an abortion, did [in a certain described mode,] apply to the person of said Beringera a certain [described] metallic instrument, whereby he caused her to become sick and to die.

A witness testified, that he was an experienced medical man, and that he made a *post mortem* examination of the body. He was then asked by the counsel for the State, whether he believed the deceased had been with child, and if so, what were his reasons for such belief. This question was objected to. But it was allowed, on the ground, that the witness was an expert, and he stated his belief that she had been pregnant, and described the appearances of the body which led to that belief. He was also, against the objection of defendant's counsel, allowed to offer his opinion as to the cause of her death.

State *v.* Smith.

*Clifford* and *Wilkinson,* were counsel for the defendant.

Clifford submitted to the consideration of the court the following legal position : — Even if the facts are proved as alleged ; they do not constitute the crime of murder.

1. It is an ordinance of the common law, now in full force in this State, that where death occurs by the act of one, in pursuit of an unlawful design, without any intention to kill, it will be either murder or manslaughter, according as the intended offence is a felony or only a misdemeanor.

In this case, it is not pretended there was any intention to kill. The government only allege, that the intent was to procure an abortion. That offence, at the common law, was not a felony. True, our statute has declared that felonies shall include all offences, punishable by imprisonment in the State prison. It is respectfully submitted whether that ordinance can be evaded by a change made by the Legislature, in the mere *name* of an offence.

2. If the common law ordinance is to be thus modified, the causing of an abortion is not, *by our statute,* made a felony. An offence, to be a felony, *must* be punishable in the State prison. But this offence is made punishable, *either* by imprisonment in the State prison *or* in the county jail, *or* by a fine.

In the construction of statutes, the principle is, that felonies shall not be created by implication, and that, " if the language be of doubtful import, the doubt shall operate in *favorem vitœ.*"

The causing of an abortion, therefore, is not to be held a felony, even by our own statute, and consequently the death of Beringera, even if caused as alleged in the indictment, cannot amount to the crime of murder.

THE COURT, by SHEPLEY, C. J., —

1. The rule, adverted to by counsel, touches those cases of homicide only, in which there was no intent to kill, and that rule is in force in this State. It was adopted however, without any view to perpetuate the ancient classification of offences, but with reference to such graduation of crimes as might from time to time obtain in this State.

2. By the Revised Statutes, c. 167, § 2, any offence, which *may be* punished by imprisonment in the State prison, is made a felony. If the offence be one, *liable* to *such* a punishment, it is a felony and its character in that respect does not at all depend upon the sentence which a court may pronounce.

The other legal positions, upon which the case was decided, are sufficiently exhibited in the following few particulars of the charge given to the jury by

SHEPLEY, C. J., — Gentlemen of the jury — Upon you, in some degree, depends the just administration of the law. If you disregard the law, the promises which it makes to the citizen, of life, liberty and the pursuit of happiness, become unreliable. But happily your course is a straight one, fraught with no difficulties. With the opinion of others, in the court room or out of it, you have nothing to do. If your duty be faithfully performed, you can, in no event have cause for regret.

The defendant is to be considered innocent, until his guilt be proved.

Does the evidence satisfy you : —

1, *that* the body, found in the brook, was that of Beringera D. Caswell ; —

2, *that* she was pregnant, and *that* the defendant, at her desire, had procured an abortion ; —

3, and *that*, in so doing, he caused her death.

[The evidence, as applicable to each of these inquiries, was fully recapitulated by the Judge.]

In examining the testimony, it is not requisite that you should believe a particular witness beyond all reasonable doubt ; but it is requisite that, in view of all the testimony, you should believe, beyond all reasonable doubt, that the defendant is guilty.

The indictment, in its third count, charges that the deceased was *quick* with child. Whatever allegation is descriptive of the offence, must be proved. But if the fact stated be merely

in aggravation, so that it may be stricken out, and yet leave the offence fully described, it may be rejected as surplusage. In order to fix upon the defendant the guilt of the offence charged upon him, it is not requisite to be either *alleged* or *proved,* that the deceased was *quick* with child. Such an allegation is not essential to the description of the offence. It is merely in aggravation, and you may disregard it. It is alleged in the indictment, that the death was caused by the use of a specified metallic instrument. But it is not necessary that the proof should show that it was done by that particular instrument. It will be sufficient, if proved to have been done by some other one, if the *nature* of the violence and the *kind* of death occasioned by it, be the same.

Whoever shall unlawfully kill any human being with malice aforethought, either express or implied, shall be deemed guilty of murder.

Whoever shall commit murder with *express* malice aforethought, or in perpetrating or attempting to perpetrate any crime, punishable with death or imprisonment in the State prison for life, or for an unlimited term of years, shall be deemed guilty of murder in the first degree.

Whoever shall commit murder, otherwise than above described, shall be deemed guilty of murder in the second degree.

For an illustration of murder, in the first degree, suppose *that* a person breaks into your house with a dangerous weapon, for the purpose of stealing your money ; *that* he is detected and seized by your son, and *that* the robber strikes the son a blow by which his life is taken. Now the robber may have had no ill-will against your son, and no aforethought purpose to kill him; yet, as the crime, which he did intend, and did attempt to commit, is punishable by imprisonment in the State prison for life, and therefore a felony, the killing would be murder in the first degree.

To illustrate murder in the second degree, we may suppose a person should attack another and strike him a mortal blow with a deadly weapon ; though there be no proof of previous

design or ill-will or unkind feelings, yet the law allows the malice to be implied ; that is, it allows the inference of a heart void of human kindness, depraved and fatally bent on mischief.

Another case of murder in the second degree, and where the malice is implied, is when the killing is committed by a person, when in the perpetration of a crime, punishable by imprisonment in the State prison, such crimes being made felonies by our statute. As the wilful causing of an abortion is "punishable in the State prison," it is a felony ; and if, in the perpetration of that offence, a killing occurs, the malice, making it murder in the second degree, may be implied.

The jury returned a verdict that the defendant was guilty of murder in the second degree. After having rendered that verdict, the court, at the request of the defendant's counsel, and by consent of the prosecuting officer, inquired of the jury, before they had left the jury box, whether it was upon the third count, that they rendered that verdict. They answered that it was upon the third count, and that they did not come to any finding upon either of the other counts.

*Tallman*, the Attorney General, by whom the case was argued for the State, then moved for sentence, and the defendant was sentenced to suffer imprisonment in the State prison for life, agreeably to Rev. Stat. chap. 154, sec. 3.