# CASES

IN

# THE SUPREME COURT

## OF ALABAMA.

JANUARY TERM, 1874.

## Rodgers *v.* The State.

*Indictment for Murder.*

1. *Service of copy of indictment and list of jury.* — A recital in the record, that "a copy of the indictment, together with a list of the jurors regularly empanelled for the second week of this term, and the fifty *tales* jurors summoned in this case, was served on the defendant one entire day before the day of trial," shows a substantial compliance with the requisitions of the statute (Rev. Code, § 4171), in the absence of objection in the primary court.

2. *Judicial notice of terms of court, and coincidence of days of week and month.* — This court will take judicial notice of the commencement and duration of the terms of the circuit court, and of the coincidence of the days of the week and month, so as to determine that a specified day fell in the second week of the term of the court below.

3. *Homicide; proof as to manner or means.* — Where the indictment alleged that the prisoner killed the deceased, "by cutting his head off with a knife, or with an axe;" and the proof was, that the deceased came to his death by some sort of cutting about the neck; a charge to the jury, that if they were convinced, beyond a reasonable doubt, that the deceased "came to his death at the hands of the defendant, it matters not what sort of weapon he was killed with, or how the weapon was used," is not erroneous.

FROM the Circuit Court of Lowndes.
Tried before the Hon. JAMES Q. SMITH.

WATTS & WATTS, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — This is a prosecution by indictment, for murder. It is charged that the deceased was killed " by cut-

ting his head off with a knife, or by cutting his head off with an axe." The evidence tended strongly to establish the fact, that the deceased had been killed by the accused in one of the modes alleged in the indictment. He was convicted, and sentenced to confinement in the penitentiary for life. From this judgment he appeals to this court.

1. The objection urged here as error in the proceedings in the court below on the trial in that court, that a copy of the indictment, and a list of the jurors summoned for his trial, including the regular jury, were not delivered to the accused at least one entire day before the day appointed for his trial, does not seem to be supported by the record, as amended by the parties in this court, which is shown by the agreement written on the transcript. The record, as thus amended, is in these words : "A copy of the indictment, together with a list of the jurors regularly empanelled for the second week of this term, and the fifty *tales* jurors summoned in this case, was served on the defendant one entire day before the day of trial." This, although it is not the exact language used in the Code, is yet of equivalent import. The record does not show that the defendant made any objection, in the court below, to this mode of delivering a copy of the indictment and a list of the jury to him. He, therefore, waived a more formal service of a copy of the indictment and list of the jury than is thus shown.

2. This court judicially knows, that the Fall term of the circuit court of Lowndes county begins on the fourth Monday in October in each year, and may continue three weeks ; and that November 5th, 1873, was a day of the second week of said term of said circuit court. Rev. Code, § 232. These facts are affirmatively shown by the record, and they constitute a sufficient compliance with the requirements of the statute. Rev. Code, § 4171.

3. In criminal cases, as well as civil, the substance of the issue is all that is necessary to be proved. 1 Greenl. Ev. §§ 56, 65. In an indictment for murder, the substance of the charge is, that the prisoner feloniously killed the deceased, by means of shooting, poisoning, cutting, blows, bruises, or any other kind of wilful, deliberate, malicious, and premeditated killing. Rev. Code, § 3653 ; 1 Greenl. Ev. § 65. It is therefore said by Mr. Greenleaf, that "if the proof agree with the allegation in substance and general character, without precise conformity in every particular," it is sufficient. 1 Greenl. Ev. § 65, note 3. Here, the proof tended to show that the deceased came to his death by some sort of cutting about the neck; and the charge complained of was, " that if the jury were convinced, beyond all reasonable doubt, that the deceased came to his death at the hands of the defendant, it matters

[Ray v. State.]

not what sort of weapon he was killed with, or how the weapon was used." This was not such a departure from the rule of law governing the proof of the means of the killing as vitiates the charge and makes it erroneous. The charge is, that the deceased was killed by having his head cut off. Proof of any means of effecting this with a weapon would be sufficient to convict. This is, in effect, the charge of the court.

The charge asked was the reverse of that given and excepted to. The reasons which would justify the charge given, would equally justify the refusal of a contrary charge on the same facts. Then, there is no error in the refusal of the charge asked.

The judgment of conviction and sentence of the court below is approved and affirmed, and that court will carry its sentence into execution in the manner prescribed by law.