# Hull *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Variance in character of weapon used.*—Under an indictment which charges an assault with a razor, a conviction may be had on proof of an assault with a pocket-knife: the two instruments being of the same kind, and the character of the wounds inflicted being substantially the same, the variance is immaterial.

2. *Self-defense; charge as to.*—A charge asked, which bases the defendant's right to an acquittal on his reasonable apprehension of an assault, ignoring a real or apparent danger to life or limb, and also the question of retreat, is properly refused.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JAMES AIKEN.

The indictment in this case charged that the defendant, June Hull, " unlawfully and with malice aforethought did assault James B. Thompson with a razor, with the intent to murder him." On the trial, as appears from the bill of exceptions, said Thompson testified on the part of the State to the facts attending the difficulty between himself and the defendant, which occurred while they were driving along together, with one Gus Wright, the defendant behind, and Thompson in front ; and he stated that, after some angry words had passed between them, as he turned around towards the defendant, the

[Hull v. The State.]

latter cut him in the neck with a razor. The defendant, testifying as a witness for himself, stated that, as Thompson turned around towards him, putting his hand on or towards his hip pocket, he cut at said Thompson with an old pocket-knife, but did not know whether he cut him or not; and that he had no razor about him at the time. The statement of said Wright, which was admitted in evidence as his testimony, he being absent, was substantially the same as that of the defendant, as to the circumstances of the difficulty, and as to the weapon used. On this evidence, the court charged the jury, in substance, that it was immaterial whether the weapon used was a razor or a pocket-knife; and refused the following charge, which was asked by the defendant in writing: (2.) "If the jury believe, from the evidence, that the assault, if any, was made under a reasonable apprehension of an assault by said Thompson on the defendant, and to protect himself from an attack by said Thompson, then they must find the defendant not guilty." The defendant excepted to the charge given, and to the refusal of the charge asked.

CLOPTON, J.—The indictment charges, that the assault was made with a razor. There was evidence tending to show that the wound was inflicted with a pocket-knife. The court, in the general charge, instructed the jury, in substance, that it was immaterial whether the assault was made with a razor or a pocket-knife; and refused to charge, at the request of defendant, that if the jury had a reasonable doubt as to the assault being made with a razor, they must acquit the defendant. It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved, if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow. *State v. Fox*, 1 Dutcher, 566; *State v. Smith*, 32 Me. 369; *Rogers v. State*, 50 Ala. 102; 1 Bish. on Crim. Proc., § 514; 1 Arch. Cr. Pr. & Pl. 787.

The second charge requested by defendant, was properly refused. It predicates the right of defendant to an acquittal on the mere fact of a reasonable apprehension of an assault; and ignores a real or apparent danger to life or limb, and the doctrine of retreat.—*Prior v. State*, 77 Ala. 56; *Henderson v. State*, 77 Ala. 77.

Affirmed.