# Turner *v.* The State.

### *Indictment for Murder.*

1. *Variance in description of weapon producing death.*—Under an indictment which charges a homicide by shooting with a gun, a conviction may be had on proof that the shooting was done with a pistol, the two weapons being the same in character.

2. *Affirmative charge for defendant improper when there is evidence tending to show guilt.*—The evidence in a trial for murder showed that the killing was done by a bystander while defendant and deceased were engaged in a struggle, but it not appearing that there was no prearrangement between defendant and the bystander, the general charge in favor of defendant was properly refused.

3. *Charge incomplete and confusing improper.*—A charge that defendant "must have entered into this difficulty with malice aforethought, with a purpose deliberately formed after premeditation, to take the life of deceased, should it become necessary," is incomplete and confusing.

4. *Conspirators liable for the acts of each other.*—When persons enter upon an unlawful enterprise with a common purpose to aid or encourage each other in carrying out their common design, they are each responsible for the proximate results of such unlawful design, whether specifically contemplated or not.

5. *Conspiracy must be established before responsibility ensues.*—A charge asserting that if the fatal blow was given by another than the defendant and without the knowledge, assent or connivance of the defendant, he is not guilty, asserts a correct proposition and is improperly refused.

APPEAL from Blount Circuit Court.

Tried before Hon. JOHN B. TALLY.

The defendant below was jointly indicted with one John Tolbert for the murder of Sidney Brown and convicted of manslaughter in the first degree. John Tolbert was not arrested and there was a severance, the defendant alone being tried. The evidence for the State showed that there was a dispute between deceased and the defendant about a message sent to the wife of the latter by deceased, that the

[Turner v. The State.]

deceased rushed upon defendant striking him with a hammer, knocking a pistol out of his hands, and the parties then clinched and fell to the ground where they continued struggling until John Tolbert, who up to this time had taken no part in the difficulty, took up the pistol and ordered deceased to get off of defendant and fired two shots striking deceased in the side. Tolbert walked off and defendant shortly afterwards followed him. Tolbert was a stranger in the neighborhood having resided there only about three weeks and had lived in the same house with defendant. The testimony for the defendant tended to show that deceased brought on the difficulty, and that Tolbert had no connection with it until he took up the pistol.

The defendant requested the following charges : (1.) "If the jury believe the evidence they will find the defendant not guilty." (2.) "The jury is charged that Brooks Turner must have entered into this difficulty with malice aforethought, with a purpose deliberately formed, after premeditation, to take the life of deceased should it become necessary." (3.) "The jury must be convinced, beyond a reasonable doubt, that prior to the difficulty the defendant and John Tolbert entered in to and made a conspiracy to take the life of the deceased should it become necessary so to do, before they can find the defendant guilty." The fourth charge is set out in the opinion.

DICKINSON & DARDEN, for appellant.

W. L. MARTIN, Attorney-General, for the State, cited *Hull v. State*, 79 Ala. 32; *Rogers v. State*, 50 Ala. 102; on the question of variance and as to conspiracy, cited *Turner v. State*, 92 Ala. 1; *Gibson v. State*, 89 Ala. 121; *Williams v. State*, 81 Ala. 1.

HARALSON, J.—I. The indictment alleges the deceased came to his death by defendant's shooting him with a gun. The proof showed he was shot with a pistol, and defendant objected to the evidence of his having been shot with a pistol, but the court admitted the evidence, and defendant excepted. The variance is immaterial, since the two weapons are the same in character, and inflict the same character of wound. *Hall v. The State*, 79 Ala. 32.

II. The general charge asked by the defendant was properly refused. We are unable to determine very clearly, from the bill of exceptions, whether John Tolbert, who shot the deceased went with defendant to the place of difficulty

[Green v. The State.]

between him and deceased, or not. If it appeared he did not, but was there beforehand, or afterwards, by accident, and not by pre-arrangement between him and defendant, the charge might well have been given.

III. The second charge was incomplete and confusing and, therefore, properly refused.

IV. It was not necessary for the defendant and John Tolbert to have entered into and made a conspiracy, actually to take the life of the deceased, prior to the difficulty. To establish a conspiracy, it is not always necessary to show pre-arrangement to do the particular wrongful act committed. But, it is true, that when two or more persons enter upon an unlawful purpose, with a common intent to aid or encourage each other in carrying out their common design, they are each responsible civilly and criminally, for everything which may consequently and proximately result from such unlawful purpose, whether specifically contemplated or not. *Martin v. The State*, 89 Ala. 115.

Charge number 3 is not in harmony with the principle thus stated, was liable to mislead, and was properly refused.

V. The fourth charge requesting the court to instruct the jury : "If they believed from the evidence, that the defendant and the deceased were engaged in a fight, and while they were so engaged, one John Tolbert came up, and without the knowledge, consent or connivance of defendant, inflicted a mortal wound on the deceased, then they should find defendant not guilty,"—ought to have been given, for there was evidence on which the jury might have found, that there was no arrangement or conspiracy between defendant and said John Tolbert, at the time of the difficulty, or before that time, to do any wrongful act to the deceased. For the refusal to give this charge, the judgment must be reversed.

Reversed and remanded.


*Indictment for Murder.*

