# Calloway v. The State.

## *Indictment for Murder.*

1. *Severance; plea of guilty by one of two or more co-defendants who plead "not guilty" amounts thereto.*—Where four persons are jointly indicted for murder, and one of them pleads "guilty," and the other three plead "not guilty," the defendant who pleads guilty waives his right to be tried jointly with the other defendants; and there is, by operation of law, a severance as to him, which makes it necessary for him to be tried alone   (Thompson v. State, 25 Ala. 41, overruled.)

2. *Confessions; when admissible.*—Confessions made by defendant to a sheriff and his deputy while in prison, after being told "that whatever statements he made would be used as evidence against him," are admissible in evidence, as being voluntarily made.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted jointly with four others, for the murder of one Ed. H. Grant. Upon his arraignment he pleaded "guilty," while his co-defendants pleaded "not guilty." On the day set for the trial, the defendant objected to being put upon the trial alone, and insisted upon being tried jointly with his co-defendants. "The court stated that the plea of guilty by Calloway operated a severance as to him, and he must be tried alone." The defendant duly excepted to this ruling of

the court. The rulings of the court upon the organization of the jury, and the motions to quash the *venire*, are the same as those in the case of *Woodley et al. v. The State, ante,* p. 23.

The State introduced as a witness one Bolling Young, a deputy sheriff for the county of Montgomery, who testified that on Thursday night, after the killing of said Grant on Monday night, he went to the jail, where the defendant Calloway was imprisoned, and took him from his cell in the jail, and carried him into the front room, and told the prisoner "that he, witness, would like to know what he knew about the killing of Mr. Grant." This conversation between Young and the defendant was had in the presence of Mr. Waller, the sheriff, whose testimony corroborated that of Young, and who also testified "that Young told the defendant that whatever statements he made would be used as evidence against him." Upon this predicate the court allowed the witness to testify as to the confession made by the defendant, and the fact that he had shot and killed Mr. Grant. The defendant objected to this witness testifying to the alleged confession, on the ground that said confession was not shown to have been voluntary, and duly excepted to the court's overruling his objections.

Farnham & Crum, for appellant.

Tennent Lomax, for Attorney-General, for the State.
1. The plea of guilty operated a severance.—*South v. State,* 86 Ala. 617 ; *Marler v. State,* 67 Ala. 55 ; *Marchant's Case,* 12 Wheaton 480 ; Bishop Cr. Pr., § 1020 ; Wharton Cr. Ev., §439.
2. The motion to quash the *venire* was properly overruled.—*Thomas v. The State,* 94 Ala. 74; Acts 1886–87, p. 195, Sec. 10.
3. The confession was voluntary and properly admitted.—*Hornsby v. State,* 94 Ala. 55 ; *Dodson v. State,* 86 Ala. 60.

HEAD, J.—The confessions of the defendant were shown to have been voluntary, and the court committed no error in admitting them.

Upon the other questions raised by the record the judgment of the city court must be affirmed on the authority

of *Woodley et al. v. State*, at the present term, *ante*, p. 23.

The time fixed by the city court for the execution of the sentence having passed, it is ordered that the sentence be executed by the proper officer, in manner and form as prescribed by law, on Friday the 13th day of July, 1894.

Affirmed.

