# Jones *v.* The State.

### *Indictment for Murder.*

1. *Homicide; evidence as to identity of weapon admissible.*—On a trial under an indictment for murder, where the evidence shows that the wounds from which the death of the deceased resulted were incised wounds, it is competent for a witness for the State to testify that the defendant owned a knife, and that he had seen the defendant with such knife, and that the knife introduced on the preliminary trial was the knife he had seen the defendant with; such evidence tending to show that the defendant was provided with the means of inflicting the wounds described as causing the death.

2. *Confessions; admissibility thereof.*—Statements made by the defendant to an officer just after his arrest, with reference to the homicide with which he was charged, which are shown to have been made without any threats or inducements on the part of the officer, are voluntary and admissible in evidence as confessions.

3. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where it is shown that the wounds resulting in the death of the deceased were incised wounds, and there was evidence introduced tending to show that the defendant owned a knife, and that the knife introduced on the preliminary trial was the knife the defendant had been seen with, the testimony of a witness that the defendant admitted on the preliminary trial that the knife there exhibited belonged to him, is admissible.

4. *Indictment for murder; when no variance in character of weapon used.*—Under an indictment which charges that the defendant killed the deceased by cutting him with a knife or by stabbing him with a knife, a conviction may be had if it be proved that some other instrument was employed which occasioned a wound of the same kind as the instrument charged; and a charge which so instructs the jury asserts a correct proposition of law and is free from error.

5. *Homicide; charge of court to jury.*—On a trial under an indictment for murder, where there is evidence from which the jury might infer the existence of the ingredients of murder in the

[Jones v. The State.]

first degree, general affirmative charges in favor of the de-
fendant which instruct the jury that if they believe the evi-
dence they can not find the defendant guilty of murder in the
first degree, are erroneous and properly refused.

6.  *Homicide; charge as to weapon used.*—On a trial under an in-
dictment for murder, which charges that the deceased was
killed by being stabbed with a knife, a charge is erroneous
and properly refused which instructs the jury that "Unless
the evidence shows to the minds of the jury beyond all reason-
able doubt that the deceased came to his death by being stab-
bed with a knife, or cut with a knife, then you can not find
the defendant guilty."

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant in this case, Albert Jones, was indicted,
tried and convicted for the murder of Walter Cotton,
and was sentenced to be hanged.

The indictment charged that before the finding of the
indictment, the defendant "unlawfully and with malice
aforethought, killed Walter L. Cotton by cutting him
with a knife or by stabbing him with a knife."

On the trial of the case it was proved by a practic-
ing physician that he was called to see the deceased and
he found him dead when he arrived at the scene; that
upon examining the deceased, he found two incised
wounds, one in his head between his eyes and the other
inside of the thigh, which severed a large artery.  This
witness further testified that either wound, in his opin-
ion, would have caused death.

Austin Stinson, a witness for the State, testified that
the killing of the deceased by the defendant occurred in
the Atlantic and Pacific Tea Store in Birmingham; that
he, the witness, was in the store at the time; that some
words passed between the deceased and the defendant,
when he heard a scuffle and Cotton, the deceased fell,
and the defendant fell on top of him; that the defend-
ant then got up and ran out of the door; that upon go-
ing to the deceased he saw a wound in the head and in
the thigh; that blood was spouting from the latter wound
and Cotton died in about 15 minutes.  This witness fur-
ther testified that the defendant owned a barlow knife,
but that he did not see it in defendant's possession that

day or the day before; that on the day previous he did see the defendant with the knife; that some days before the killing he had borrowed the knife from the defendant; that he saw the knife exhibited on the preliminary trial and it was the one he had seen the defendant with. The defendant objected to this testimony of the witness Stinson, and moved to exclude it on the ground that it was illegal and incompetent. The court overruled the objection and the defendant duly excepted.

One Will Patton, a witness for the State, testified that he was the officer who arrested the defendant a short time after the killing of deceased; that he made no threats or inducements to the defendant to get him to make a statement, but asked him what was the trouble with Cotton, and that thereupon the defendant said that after some words between them Cotton struck him with his fist and he, the defendant, went to cutting him and cut him two or three times. The defendant objected to the witness testifying to the statements as made to him by defendant, upon the ground that the statements were made by the defendant to an officer while under arrest and under duress. The court overruled the objection, and to this ruling the defendant excepted. The witness Patton further testified that the defendant admitted that the knife introduced on the preliminary trial belonged to him. To this statement of the witness the defendant objected and moved the court to exclude the same on the ground that is was irrelevant, illegal and incompetent. The court overruled the objection and motion, and to this ruling the defendant duly excepted.

In his oral charge to the jury the court, among other things, instructed them as follows: "That while the defendant was charged with killing Walter Cotton, the deceased, with a knife, that if the killing was done with an instrument of like kind, that is a cutting instrument, this allegation of the indictment would be sustained."

The defendant separately excepted to this portion of the court's oral charge, and also separately excepted to the court's refusal to give the following charges requested by him: (1.) "If the jury believe the evidence in this case, they must find the defendant not guilty." (2.)

"I charge you, gentlemen, that from the evidence pro-
duced in this case, the defendant is not guilty of mur-
der." (3.) "If the jury believe the evidence in this
cause, they can not find the defendant guilty of mur-
der in the first degree." (4.) "Unless the evidence shows
to the minds of the jury beyond all reasonable doubt,
that the deceased came to his death by being stabbed
with a knife, or cut wth a knife, then you can not find
the defendant guilty."

ANDRESS & BURKHART, for appellant.

MASSEY WILSON, Attorney-General, for the State.—
The testimony of the witness, Stinson, which was ob-
jected to by the defendant, was relevant and admissible.
Testimony had already been introduced tending to
show that the wounds on the person of deceased were
incised wounds. Under this state of facts the testimony
of the witness Stinson, above referred to, to which the
defendant objected, was properly admitted.—*Ezell v.
State,* 103 Ala. 8; *Mitchell v. State,* 94 Ala. 68.

The confession of the defendant testified to by the
officer Patton who arrested the defendant, was shown to
be voluntary and the court properly admitted the testi-
mony.—*Galloway v. State,* 103 Ala. 27; *McElroy v. State*
75 Ala. 9, 13; *Jackson v. State,* 69 Ala. 249, 252.

The statement of the witness Patton that the defend-
ant admitted on the preliminary trial that the knife in-
troduced there was his, was properly admitted.—*Ezell v.
State,* 103 Ala. 8; *Mitchell v. State,* 94 Ala. 68.

The portion of the general charge to which the defend-
ant excepted, was correct.—*Walker v. State,* 73 Ala. 17.

DOWDELL, J.—There was evidence tending to show
that the wounds made on the deceased, and from which
death resulted, were incised wounds. Stinson, a wit-
ness for the State, testified that the defendant owned a
barlow knife, but that he had not seen him with it on the
day of the killing, nor on the day previous; that he had
borrowed the knife from the defendant, and that he saw
a knife on the preliminary trial, which was the knife he
had seen the defendant with. This evidence was objected

to by the defendant, and the objection was overruled. The evidence was relevant as tending to show that the defendant was provided with the means of inflicting the wounds described, and the court commited no error in overruling the objection.—*Ezell v. State*, 103 Ala. 8; *Mitchell v. State*, 94 Ala. 68.

The confessions of the defendant made to the officer Patton, who arrested him, were shown to have been made voluntarily, and were, therefore, properly admitted.— *Calloway v. State*, 103 Ala. 27; *McElroy v. State*, 75 Ala. 9-13, and authorities there cited.

There was no error in admitting the testimony of the witness Patton that the defendant admitted on the preliminary trial that the knife there shown in evidence was the defendant's.—*Ezell v. State, supra; Mitchell v. State, supra.*

The portion of the oral charge of the court to the jury, to which the defendant excepted, correctly stated the law. In *Hull v. State*, 79 Ala. 33, it is said: "It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved, if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow."—*State v. Fox*, 1 Dutcher 566; *State v. Smith*, 32 Me. 369; *Rogers v. State*, 50 Ala. 102; 1 Bish. on Crim. Proced., § 514; 1 Arch. Cr. P. & Pl. 787.

There being evidence from which the jury might infer the existence of the ingredients of murder in the first degree, written charges 1, 2, and 3 requested by the defendant were properly refused. Written charge No. 4 requested by the defendant was properly refused for the reasons stated above as to the correctness of the portion of the oral charge of the court, which was excepted to by the defendant. Although the jury might not believe that the cutting was done with a knife, still if they believe it was done by the defendant with an instrument of like kind, this would be sufficient to sustain the charge

[Angling v. The State.]

that it was done with a knife. The charge requested was opposed to this view, and was, therefore, erroneous.

We find no error in the record, and the judgment of the court will be affirmed.