GUS DRUMMER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Under the provisions of section 2403 Rev. Stats., it is not necessary to the crime of assault with intent to murder that the assault shall have been made with a deadly weapon. The gist of the offense, under this statute, consists in the intent with which the assault is made; and, if this intent is properly alleged and proven, the instrument or appliance used is immaterial, except as it may serve as evidence to establish such intent. Gray v. State, 44 Fla. ——, 33 South. Rep. 295, approved and followed.

2. It is sufficient if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is subsantially proved if it be shown that some other instrument was employed which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow.

3. Under an indictment which charges an assault with intent to murder by shooting with a pistol, a conviction may be had on proof that the shooting was done with a gun, the two weapons being the same in character and inflicting the same character of wound.

4. The indictment and evidence examined, and no material variance found between the crime charged and the proof.

5. Evidence examined, and found sufficient to sustain the verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Walton County.

2 S. C.

The facts in the case are stated in the opinion of the Court:

*W. H. Watson,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

SHACKLEFORD, J.

At the Fall term, 1902, of the Walton county Circuit Court, the plaintiff in error, hereinafter called the defendant, was tried, convicted and sentenced upon an indictment found at the Spring term, 1902, of said court, charging that the said defendant, Gus Drummer, on October 10, 1901, in the said county of Walton, "did then and there unlawfully and from a premeditated design to effect the death of one Tom Sheffield, a human being, make an assault upon the said Tom Sheffield with a deadly weapon, by then and there unlawfully and from a premeditated design to effect his death, unlawfully of his malice aforethought and from a premeditated design to effect the death of the said Tom Sheffield, then and there shooting off and discharging a pistol charged and loaded with gunpowder and leaden balls at, toward and against the said Tom Sheffield, against the form of the statute," &c. From the sentence imposed this writ of error is taken.

Some eleven errors are assigned, but they are all based substantially upon an alleged variance between the offense charged in the indictment and the proof adduced at the trial, in that the indictment charges that the deadly weapon used by the defendant in committing the offense charged was a pistol, while all the proofs so adduced at the trial were to the effect that the deadly weapon so

used by the defendant was a gun. This being true, it becomes unnecessary for us to consider the several errors assigned in detail. No evidence was introduced by the defendant at the trial, and, we think, that the evidence introduced upon behalf of the State amply sustains the the charge laid in the indictment and that the jury were warranted in so finding by their verdict, provided there was no fatal variance between the crime charged in the indictment and the proofs adduced at the trial. Indeed, no other contention is made here. It becomes necessary, then, for us to examine this question of variance.

In Bryan v. State, 19 Fla. 864, 4th headnote, this court has held that "the proof must show that the killing was effected in the manner charged in the indictment, but where there is no possibility of his having been misled, or in any way embarrassed in his defence by the variance, it will be disregarded."

Revised Statutes, section 2403, under which the indictment in this case was found, provides that "whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years." The other portion of the statute has no applicability to the case at bar. As was said by this court in Gray v. State, 44 Fla. . . . ., 33 South. Rep. 295, second headnote, "under the provisions of section 2403, Rev. St., it is not necessary to the crime of assault with the intent to murder that the assault shall have been made with a deadly weapon. . The gist of the offense, under this statute, consists in the intent with which the assault is made; and, if this intent is properly alleged and proven, the instrument or appliance used is immaterial, except as it may serve as evidence to estab-

lish such intent." The information in the case of Gray v. State, *supra*, charged the defendant with having committed an assault with a certain deadly weapon, 'towit: a large piece of scantling, and the contention was made that a large piece of scantling was not *per se* a deadly weapon, and that, therefore, the information was insufficient. The question of variance between the offense charged and the proofs was not presented for consideration in said case.

Upon an examination of the authorities we find that, as was said by Earl, J., in Harris v. People, 64 N. Y. 148, "The strictness of the ancient rule as to variance between the proof and the indictment has been much relaxed in modern times. Variances are regarded as material, because they may mislead a prisoner in making his defense, and because they may expose him to the danger of being again put in jeopardy for the same offense." See Abbott's Trial Ev., Crim. Causes, 583; State v. Smith, 32 Me. 369; 1 McClain Crim. Law, Sec. 260; Rodgers v. State, 50 Ala. 102; State v. Lautenschlager, 22 Minn. 514. As laid down in Underhill's Crim. Ev. sec. 314, "The substance of homicide being the felonious killing, proof of a killing, in any manner or by any means, that correspond substantially with the indictment, is sufficient. All the details of the offense need not be proved precisely as alleged. Proof of a shooting with a pistol will sustain an averment of shooting with a gun, and *vice versa,* and proof of killing with a dagger or bowie knife will sustain an averment of death from stabbing with a dirk, sword or similar weapon." It is not necessary for us to commit ourselves unreservedly to the broad doctrine laid down in the first part of the preceding quotation, but the trend of modern decisions is strongly in that direction.

Drummer v. The State of Florida—Opinion of Court.

In the case of Hull v. State, 79 Ala. 32, the indictment charged that the assault was made with a razor, while the proof tended to show that the wound was inflicted with a pocket-knife. The court below, in the general charge, instructed the jury, in substance, that it was immaterial whether the assault was made with a razor or a pocket-knife; and refused to charge, at the request of defendant, that if the jury had a reasonable doubt as to the assault being made with a razor, they must acquit the defendant. The Supreme Court of Alabama held that no error was committed, stating that "it is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved if it be shown that some other instrument was employed which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow." The case of Turner v. State, 97 Ala. 57, 12 South. Rep. 54, is directly in point. "The indictment alleges the deceased came to his death by defendant's shooting him with a gun. The proof showed he was shot with a pistol, and defendant objected to the evidence of his having been shot with a pistol, but the court admitted the evidence, and defendant excepted. The variance is immaterial, since the two weapons are the same in character, and inflict the same character of wound."

We are not unmindful of the fact that authorities may be found to the contrary, but we are of the opinion that the law is correctly stated in the two Alabama cases just cited, and that both the reasoning therein and the conclusion reached are well founded. While the precise point raised in the case at bar has not been passed upon by this court, the conclusion which we have reached was

foreshadowed in Bryan v. State, and Gray v. State, *supra.*

We have carefully considered all the errors assigned and are of the opinion that none is well taken, therefore the judgment of the court below must be affirmed.