NATHAN HOWARD, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed March 24, 1917.

1. There is no fatal variance between the allegation and the proof of the instrument with which a wound is inflicted, if the in-

strument used produces, or is capable of producing, the same kind of a wound as the instrument charged in the indictment.

2. Under an information which charges an assault with intent to murder by shooting another with a deadly weapon, to-wit, a shot-gun loaded and charged with gunpowder and leaden balls, a conviction will be sustained on proof that the wound was inflicted with bird shot fired from a gun in the hands of the accused.

3. A shotgun loaded with gunpowder and bird shot is a deadly weapon when an assault is made with it on a person within the range of the gun to kill or do great bodily harm to the person assaulted.

Writ of Error to Circuit Court for Columbia County; M. F. Horne, Judge.

Judgment affirmed.

*A. J. Henry,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

BROWNE, C. J.—The plaintiff in error, indicted in the Circuit Court of Columbia County for an assault with intent to murder, was found guilty of an aggravated assault and sentenced to confinement at hard labor in the County Jail for a period of six months. He seeks reversal by this Court on writ of error.

The charging part of the indictment is as follows: "That Nathan Howard, late of said county, on the 15th day of April, A. D. 1916, in the County and State aforesaid, with force and arms, and with a deadly weapon, to-wit, a shot gun loaded and charged with gun powder and leaden balls, and which he the said Nathan Howard then

and there had and held in his hands, in and upon one
Mack Caesar, unlawfully, of and from a premediated
design to effect the death of the said Mack Caesar, did
make an assault; and the said Nathan Howard did then
and there unlawfully, of and from a premediated design
to effect the death of the said Mack Caesar, shoot off and
discharge the leaden balls aforesaid out of the shot gun
aforesaid at, toward, against, upon and into the body of
the said Mack Caesar."

The errors assigned for which plaintiff in error con-
tends are based upon the refusal of the Circuit Judge to
give to the jury this special instruction in law, requested
by him: "The proof must show that the shot gun admit-
tedly used in the encounter was loaded with powder and
leaden balls, and whatever you may believe of the guilt of
the defendant in other respects, you cannot convict the de-
fendant if you believe from the evidence that the gun was
loaded with small shot instead of leaden balls."

The only evidence of how the gun was loaded was
given by the defendant, who testified it was loaded with
"bird shot." The plaintiff in error cites dictionary defi-
nitions to show the distinction between the terms "leaden
balls" and "shot." Thus from the Standard Dictionary:
Leaden balls: "Any spherical or conoid projectile larger
than a small shot." Shot: "A spherule or pellet com-
posed principally of lead, several of which are used for
one loading of a fire arm; used chiefly in shooting small
game."

The Encylopedic Dictionary which he cites defines
shot: " small spherical pellets of lead used for shooting
birds and other small game;" and Ball (leaden) as "a bul-
let; a globular piece of metal designed as a projectile to
be expelled from a musket or rifle." The Standard Dic-
tionary, however, gives as its first definition of Ball, "a

globular or spherical body of any dimensions," and in its synonyms for "shot" gives "ball, bomb, bombshell, bullet, canister, chainshot, grape, grapeshot, lead, missile, projectile, shell, shrapnel, slug." Soule's Dictionary of English Synonyms gives for "Ball," "missile (of fire arms), bullet, shot, projectile;" and for "Shot" he gives "Ball, bullet, missile, projectile." We therefore fail to find any authority in the lexicons for drawing such a distinction between the words "leaden balls," and "bird shot," as to make the use of the one in the indictment, and of the other in the proof, a fatal variance.

If, however, such a distinction were made by the dictionaries, we would not be limited by them, because it is a well settled principle of the common law that "Where the instrument laid and the instrument proved are of the same nature and character, there is no variance." Wharton's Criminal Law (11th Ed.) Sec. 652; continuing, this high authority says: "Thus, evidence of a dagger will support the averment of a knife," and he lays down the doctrine that where it is proven that the deceased was killed by an instrument "capable of producing the same kind of death as the instrument stated in the indictment, the variance will not be material." Ibid. sec. 652.

In the case of Drummer v. State, 45 Fla. 17, 33 South. Rep. 1008, third headnote, this court held that "Under an indictment which charges an assault with intent to murder by shooting with a pistol, a conviction may be had on proof that the shooting was done with a gun, the two weapons being the same in character and inflicting the the same character of wound." If there is no fatal variance where the instrument laid is a pistol, and the instrument proven is a gun, there can be none, where the variance is merely in the size of the missle with which the gun or pistol is loaded. The fact that a gun loaded with

large shot will kill at a greater distance than one loaded with bird shot, does not preclude the latter from being a deadly weapon within the range of its killing capacity; neither will the fact that the wound inflicted was not a deadly one, support the contention of the plaintiff in error that a gun loaded with bird shot discharged at a person about six feet away, as in this case, is not a deadly weapon.

In the case of Regina v. Warman, 2 Car. & K. (61 E. C. L.) 195, the indictment charged the prisoner with killing his wife "with a certain instrument called a 'swingle, made of wood, iron and leather;'" the evidence showed that her death had been effected by a blow on the head given with "a piece of wood;" The court said: "In a case of homicide it is sufficient if the mode of death is substantially proved as laid, and I think that here the death is sufficiently shown to have arisen from a stroke feloniously given by an instrument held by the prisoner."

In the case of Goodwyn v. State, 4 S. & M. (12 Miss.) 520, the indictment charged that the mortal wound was "given with a gun loaded with powder and one leaden bullet;" the proof was that the gun was loaded with "duckshot." The defendant requested the trial judge to charge the jury that "if they believed from the evidence that the deceased came to his death by means of the shot aforesaid, and not by one leaden bullet discharged from said shotgun as alleged in the bill of indictment, they must find a verdict for the accused." This charge the court refused, but charged the jury "that the said proof was sufficient to sustain the said bill as alleged in the indictment:" In passing on the charges requested by the defendant, the Supreme Court of Mississippi said: "The charge requested was clearly properly refused. The instrument by which the death is caused need not

necessarily be strictly proved as laid in the indictment, and proof of its having been caused by any other instrument capable of producing death in a similar mode satisfies the indictment in that respect."

In the Mississippi case the variance between the allegation and the proof was somewhat greater than in the instant case, in that in the former the allegation was that the gun was loaded with "one leaden ball," and in the case under consideration the allegation is "leaden balls." Shot, according to the American Standard, range in size from number twelve, the smallest, to number one, and then the size is designated by letters; "B" being the next largest in size to number one, and increasing until TTTT is reached, which are quite large. The gradation in size is very gradual, and it would be impracticable to accept the distinction sought to be made by plaintiff in error, and determine just when these pellets of varying sizes cease being shot and become leaden balls. The instrument with which the wound was inflicted in this case was "shot" and this term is sufficiently comprehensive to embrace all projectiles propulsed by high explosives out of any instrument of death, from the smallest shot known as mustard seed, to the largest armor-piercing shot used in ordnance.

There was no material variance in the description of the instrument which inflicted the wound, as laid in the indictment and the instrument proved, and there was no error in the court refusing to give the charge complained of. As the evidence fully sustained the verdict, we find no reversible error.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.