26 So.2d 530

**THREATT v. STATE.**

6 Div. 292.

Court of Appeals of Alabama.

June 11, 1946.

Jas. H. Bradford and G. J. Prosch, both of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Mac-Donald Gallion, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment which charged the offense of murder in the first degree, the defendant was tried and convicted of the offense of murder in the second degree, and the jury fixed his punishment at imprisonment for a period of fifteen years. Judgment of conviction was duly pronounced and entered and the court sentenced him to imprisonment in the penitentiary for fifteen years. From said judgment this appeal was taken.

Pending the trial in the court below no exceptions of any import were reserved to the court's rulings upon the admission of evidence. On this appeal it is insisted the court erred in refusing to defendant several written charges, and also in overruling and denying the motion for a new trial.

Upon the trial there was no dispute or conflict as to the fact this appellant killed Clement Bates by nearly severing his head from his body by cutting him with a *razor*. The indictment charged that he unlawfully and with malice aforethought killed Clement Bates by cutting him with a *knife*. As we see it, the principal insistence of error to effect a reversal of the judgment of conviction is based upon the question of a variance in that the indictment charged the killing was by cutting the deceased with a knife, and the evidence disclosed, as stated, the defendant killed Bates by cutting him with a razor. Appellant's earnest and able counsel lay principal stress upon this proposition in their briefs, but cite no authorities in support thereof. That there is no merit in this contention has been definitely decided in the following decisions. In Hull v. State, 79 Ala. 32, our Supreme Court said:

"The indictment charges, that the assault was made with a razor. There was evidence tending to show that the wound was inflicted with a pocket-knife. The court, in the general charge, instructed the jury, in substance, that it was immaterial whether the assault was made with a razor or a pocket-knife; and refused to charge, at the request of defendant, that if the jury had a reasonable doubt as to the assault being made with a razor, they must acquit the defendant. It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved, if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow." See also Rodgers v. State, 50 Ala. 102.

In Turner v. State, 97 Ala. 57, 12 So. 54, 55, the court said:

"The indictment alleges the deceased came to his death by defendant's shooting him with a gun. The proof showed he was shot with a pistol, and defendant objected

to the evidence of his having been shot with a pistol; but the court admitted the evidence, and defendant excepted. The variance is immaterial, since the two weapons are the same in character, and inflict the same character of wound."

In the case of Jones v. State, 137 Ala. 12, 34 So. 681, 682, the court held:

"It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow."

See also our own case of Williamson v. State, 28 Ala.App. 92, 179 So. 398, in which case this court fully discussed the principle of law involved in this question, and in accord with the other cited authorities, supra, held conclusively contrary to the contention under discussion.

■ There is no phase of this case which entitled the defendant to a directed verdict and the able trial judge properly so held. The evidence upon the trial was in sharp conflict on all material questions making it therefore the province of the jury to consider and determine same.

Appellant's requested charge 13 which reads as follows:

"13. The court charges you, gentlemen of the jury, that evidence of the defendant's good character may be sufficient to raise a reasonable doubt in your mind of the guilt, which may authorize his acquittal."

■ There is no merit in the insistence that the court erred in refusing said charge. It does not properly state the law for good character when proven to the satisfaction of the jury, standing alone, is never sufficient to generate a reasonable doubt as to his guilt, but good character when proven to the reasonable satisfaction of the jury, and when considered with all the other evidence in the case, may generate a reasonable doubt as to this man's guilt, whereas without that proof of good character there would not be any reasonable doubt as to his guilt.

■ Charge 14 was properly refused, it was not only invasive of the province of the jury, but the principle of law attempted to be embodied in said charge was fairly and substantially covered by the very excellent, full and complete, oral charge of the court.

What has been said covers fully every insistence made by the defendant in his motion for a new trial, hence there was no error in the action of the court in this connection.

No errors appearing and the record in the case being regular in all respects, it follows that the judgment of conviction from which this appeal was taken must stand affirmed.

Affirmed.