36 So.2d 361

## WESSON v. STATE.

7 Div. 967.

Supreme Court of Alabama.

June 10, 1948.

C. W. Stringer, of Talladega; and Handy Ellis, of Columbiana, for petitioner.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

The petition for writ of certiorari to the Court of Appeals was granted to consider one question which merited treatment.

The defendant was convicted of manslaughter in the first degree on a murder indictment, charging in Count 1 that the deceased's death was caused by the defendant beating him with his fists and stomping him with his feet, and in Count 2 by inflict-

ing blows upon the person of the deceased with defendant's fists and feet, which injuries allegedly resulted in death. It is to be nôted that each of the counts of the indictment charge that death resulted conjunctively from being beaten with fists and stomped with feet.

The trial court refused to the defendant his special written Charges B and C, which directed, respectively, an acquittal if the jury "believe from the evidence" that the injuries which caused deceased's death were inflicted alone by the defendant with his fists (Charge B) or solely by the deceased having been kicked by the defendant (Charge C).

The Court of Appeals justified the refusal of these two charges on the theory that they were "belief" charges. So-called belief charges have been denounced as erroneous in civil cases because the jury's verdict in such cases must be reached after becoming "reasonably satisfied" from the evidence. Cain v. Skillin, 219 Ala. 228, 233 (9), 121 So. 521, 64 A.L.R. 1022, and cases cited.

■ However, the proper hypothesis for a requested charge in a criminal prosecution is rested on belief from the evidence. Bush v. State, 211 Ala. 1, 100 So. 312.

Charges B and C, therefore, were in proper form and it becomes our duty to consider the propriety of their refusal. After research and serious consideration, we have concluded that the two charges sought to expound an unsound legal principle. Under our own cases they must be held bad.

■ In an indictment for homicide, the means by which the offense charged is committed does not enter into the essence of the crime, is not a constituent element of the offense. The unlawful and malicious killing, regardless of the means employed, is the criterion. Gaines v. State, 146 Ala. 16, 23, 41 So. 865.

■ Every constituent of murder was averred in the indictment under consideration and "it is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment charges a particular weapon, the averment is substantially proved, if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow." Hull v. State, 79 Ala. 32, 33.

■ We have cases affirming the principle that an allegation that the deceased was killed with a knife is sufficiently proven by showing that he was killed with a razor or an instrument of like kind and character, or if the allegation was that he was killed with a gun, proof that he met his death by being shot with a pistol was sufficient. The rule being that the means by which the offense of murder is committed not entering into the essence of the crime, it is only necessary that the means alleged be substantially, though not literally, proven. Huckabee v. State, 159 Ala. 45, 49, 48 So. 796; Jones v. State, 137 Ala. 12, 34 So. 681; Hull v. State, supra; Phillips case, Phillips v. State, 68 Ala. 469, 471; Rodgers v. State, 50 Ala. 102; Threatt v. State, 32 Ala. App. 416, 26 So.2d 530; Oliver v. State, 234 Ala. 460, 175 So. 305.

■ Using these authorities as our guide, we must hold that error cannot be rested on the refusal of the two requested charges. There is no substantial difference between the instruments which allegedly caused the deceased's death, that is, whether by being beaten by defendant with his fists or stomped with his feet, and we are of the opinion that the trial judge correctly refused the stated charges.

■ On the question of the sufficiency of proof to sustain disjunctive averments in criminal charges, we find this principle stated in 42 Corpus Juris Secundum, Indictments and Informations, § 101, p. 984:

"* * * As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative; the proper way is to connect the various allegations in the accusing pleading with the conjunctive term 'and' and not with the word 'or.' * * *."

It is observed in Price v. United States, 5 Cir., 150 F.2d 283, where a statute mentions several acts disjunctively and prescribes each shall constitute an offense, and

the indictment charged conjunctively the violation, by stating all the means, it was held that the indictment may charge any of such acts or all of such acts conjunctively, as constituting a single offense (page 284); and that "when several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in the conjunctive is sufficient to support a verdict of guilty. So where as here, the indictment charged that the defendant did unlawfully remove, deposit, and conceal, it was enough to prove any one. Crain v. United States, 162 U.S. 625, 634–636, 16 S. Ct. 952, 40 L.Ed. 1097." 150 F.2d page 285.

The pertinent rule was approved in Bruster v. State, 40 Okl.Cr.App. 25, 266 P. 486, to the effect that where an information charging murder alleges that the homicide was committed by shooting with a pistol and by striking with an ax, the information is not duplicitous, and the State is not required to elect upon which of the means charged it will rely, and proof of either or both will sustain the allegation as to the means used. 266 P. page 486. See also Gore v. State, 25 Okl.Cr. 214, 219 P. 153.

And, in the case of State v. Russell, 37 N.M. 131, 19 P.2d 742, 743, where in an indictment for buying, receiving, or aiding in the concealment of stolen property, the indictment charged and the court instructed the jury in the conjunctive and the defendant contended that the proof would have to sustain all the conjunctive averments, the following quotation is found in the opinion:

" 'Where a penal statute makes it criminal to do a certain thing in different ways, an indictment based thereon may charge in a single count that the defendant did the forbidden thing by all of the specified means, so long as the means are not repugnant and where the conjunctive "and" is used where the statute uses "or," and such a count is not duplicitous, and the proof at the trial may establish any of the means charged.' State v. McKinley, 30 N.M. 54, 227 P. 757, 759." 19 P.2d p. 743.

The case of Felix v. State, 147 Tex.Cr.R. 161, 179 S.W.2d 556, lays down a like rule in a misdemeanor case where it was said: " * * * the State may charge one or more phases of an offense in the conjunctive in one count. Proof of either will be sufficient to authorize a conviction."

While, because of a rather strict adherence in our early decisions to some common law principles, we are not committing this court to that degree of liberality in the application of the rule that some courts have done, we do think it pertinent and controlling here, where the means conjunctively alleged are substantially similar in character. The primary object of this criminal proceeding was to find out whether the accused was guilty of homicide. It would be dealing in abstruse legal metaphysics, amounting almost to an absurdity, to hold that one guilty of a crime, such as indicated in the opinion of the Court of Appeals, should go free because the State was unable to prove that life was extinct before the deceased was stomped or because the State was unable to establish that the beating with the fists or the stomping with feet, one or the other or both, was the cause of death. The essence of the charge was proven when either of the means, substantially similar in nature, was shown to have produced the result.

The judgment of the Court of Appeals is affirmed.

All the Justices concur.