71 So.2d 117

### TOWNSEND v. STATE.

### 5 Div. 387.

Court of Appeals of Alabama.

Sept. 8, 1953.

Rehearing Denied Nov. 10, 1953.

358

A. Drew Redden, Tallassee, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was tried in the Court of Common Pleas of Elmore County upon an affidavit and warrant charging him with the illegal possession of prohibited liquors. From a judgment of conviction in said court an appeal was taken to the circuit court. The trial there resulted in a verdict of guilty. The jury assessed a fine of $250, and the court imposed, as additional punishment, a sentence of 90 days at hard labor for the county. The question of the sufficiency of the evidence to sustain the judgment of conviction is raised by a motion for a new trial.

The evidence for the State was presented by deputy sheriff Wes Holt, who testified he made a search of a trailer parked between defendant's home and the street, which was used by defendant for photographic work, and contained equipment for making and developing pictures. At the officer's request defendant unlocked the trailer door and was present when the search was made. Five and a half pints of home-made whiskey was found in a cupboard, the door to which could not be opened, but the officer pulled out a drawer above it and reached down into the cupboard.

After proper predicates were laid the witness testified defendant said that was all the whiskey he had, and when asked later if he was getting the whiskey from Woodrow Henderson he answered, "No, sir," and said he was getting $5 a gallon for it, but wasn't selling as much whiskey as the officers heard he was selling.

Defendant's witnesses, some of whom lived nearby, testified they passed the trailer every day. There was a fence around defendant's house and the trailer was outside the fence, near the street. It had two doors and one of them stayed open practically all the time. Children were seen playing in and around the trailer.

Defendant testified he was present when the whiskey was found, but said it was not his and he didn't know who it belonged to. He had no one to develop pictures for him since his daughter married in May and had not used the trailer for making pictures since then, but he had been in it, putting tools and things in there. He denied telling Mr. Holt that was all the whiskey he had, but stated that when the officer asked, "Is this all you got," he answered, "That's all I see." When the officer demanded that he unlock the trailer door defendant told him the other door was open, but the officer insisted, and he unlocked the door and they went in and the officer searched and looked in drawers but one of the drawers wouldn't open and the officer reached in and got the whiskey.

 The conflict in the testimony presented a question of fact for the determination of the jury, and was sufficient to sustain the judgment of conviction.

Two grounds of the motion for a new trial were based upon the court's action in permitting the jury to separate and go to their respective homes for the night, after the conclusion of the evidence and the arguments of the attorneys and before the oral charge of the court.

The record discloses the jurors were properly instructed and admonished by the court and that counsel objected, but his objection and exception came after the jury had left the court room.

The rule has been stated that "during the progress of the trial of a misdemeanor it is within the discretion of the court to allow the jury to separate and disperse, after properly admonishing them as to their duties." 34 A.L.R. 1128; 79 A.L.R. 824; 21 A.L.R.2d 1144.

Since the separation was permitted by the court in the exercise of its discretion, no presumption of injury would arise by the fact of such separation so as to cast upon the State the burden of affirmatively showing that no injury resulted therefrom. Error not being presumed the burden was upon appellant to establish it. Ala.Dig., Crim.Law, ☞1141(2). No showing was made by defendant that his rights were in any way prejudiced. In fact, no evidence at all was offered on the motion. No error resulted in the court's action in overruling the motion for a new trial.

Requested charges 1, 2, 3, 4 and 7 were refused without error. They were not hypothesized on belief from the evidence, Bush v. State, 211 Ala. 1, 100 So. 312; Wesson v. State, 251 Ala. 33, 36 So. 2d 361, and were otherwise faulty.

The judgment of the trial court is affirmed.

Affirmed.