## WILLIAM G. FELIX V. THE STATE.

No. 22828. Delivered April 19, 1944.

162

The opinion states the case.

*Tom Sanders,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault. His punishment was assessed at confinement in the county jail for a period of forty-five days, and from said judgment he prosecutes this appeal.

He brings forward two complaints, the first of which is that the evidence fails to correspond with the allegations in the complaint and information, which is fatal to the conviction; and second, that the evidence is insufficient to sustain his conviction for the offense of aggravated assault.

Omitting the formal parts of the information, which follows the language of the complaint, it is charged therein as follows:

" * * * that heretofore on or about the 4th day of October, A.D., 1943, in said County of Harris and State of Texas, the said William G. Felix did, with premeditated design, in and upon the said H. M. Douglas make an aggravated assault and battery, and did then and there inflict serious bodily injury upon the said H. M. Douglas by cutting and stabbing him with a spatula, and with a deadly weapon, and with a sharp instrument the exact nature of which is to the attorney unknown, and by means then

and there calculated to inflict serious bodily injury upon the said H. M. Douglas."

His contention seems to be that since it is charged that he did, with premeditated design, in and upon H. M. Douglas, make an assault and battery, followed by the allegations that he. did then and there inflict serious bodily injury upon the said Douglas by cutting and stabbing him with a deadly weapon, etc., therefore, it was necessary to prove that each phase of the offense charged was committed with a premeditated design. We are not in accord with his contention. The fact that it was charged that he made an assault with a premeditated design was but charging one phase of the offense of aggravated assault. In misdemeanor cases the State may charge one or more phases of an offense in the conjunctive in one count. Proof of either will be sufficient to authorize a conviction. See Black v. State, 67 S. W. 113.

His next contention is that the evidence is insufficient to sustain either phase of the aggravated assault charged. The proof adduced by the State, briefly stated, shows that appellant owned and operated a drug store in the City of Houston in Harris County, Texas; that on the day of the alleged assault H. M. Douglas, the injured party, had a prescription filled by appellant; that he requested appellant to give him a copy thereof, which appellant refused to do, stating at the time that he was too busy. Douglas then went to the telephone near the prescription counter to call the police, whereupon appellant came from behind the counter with a sandwich knife, commanded Douglas to hang up the receiver of the telephone and to get out. Douglas hesitated, or was rather slow in complying with the command, whereupon appellant cut him on the left side of the face, inflicting a wound about three and one-half or four inches in length. After receiving the injury, Douglas went to a hospital where he received medical attention. It was shown that about nine stitches were required to sew up the wound. It was also shown that the knife with which the wound was, inflicted was approximately fifteen inches in length; that the blade thereof was from ten to twelve inches long and was tapered from the handle to a sharp point; that the weight of the knife was about one and three-fourths pounds.

Appellant's evidence is to the effect that he did not cut Douglas with a knife but with a spatula, and that since there is no testimony as to the depth of the wound or that it was of a serious nature, the evidence on that phase of the offense is

insufficient to sustain his conviction. Although the knife used may not be a deadly weapon per se, still the length of it, the weight thereof and the manner in which it was used, together with the wound inflicted, might be sufficient to lead an unprejudiced mind to the conclusion that it was such a knife as was calculated and likely to produce death or serious bodily injury. If so, it constituted a deadly weapon within the purview of the law. This case was tried before the court without the intervention of a jury, and we would not be authorized to say that the trial court was not justified from the evidence to conclude that it was such a knife as was calculated and likely to produce death or serious bodily injury. It being a question of fact for the court and the court having decided that issue adversely to the appellant, it is binding on this court. In the case of Hardy v. State, 36 Tex. Cr. R. 400, Judge Davidson, in passing on the question, said:

"Whether or not a weapon is a deadly weapon can be proved by its size and character, and the manner in which it was used."

Thus, it will be seen that under such circumstances it becomes a question of fact for the jury to determine whether or not the instrument used was a deadly weapon. Therefore, in the instant case, it was a question of fact for the court (a jury having been waived) to decide whether or not the knife was such an instrument as was calculated and likely to produce death or serious bodily injury. If so, it was a deadly weapon. See McReynolds v. State, 4 Tex. Cr. App. 327; Prescott v. State, 54 Tex. Cr. R. 481 (485).

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.