Susanne Gallo WEST, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 093 CR.

Court of Appeals of Texas, Beaumont.

Dec. 16, 1981.

Discretionary Review Refused March 10, 1982.

**160**

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

## OPINION

DIES, Chief Justice.

Charged by information with the offense of prostitution, appellant was tried before a jury upon her plea of not guilty. The jury found her guilty and assessed punishment at 180 days in jail, probated, and a $1,000 fine.

Appellant's first ground of error contends "[t]he court erred in denying appellant's motion for directed verdict in that the evidence was insufficient to support the allegations contained in the information." The argument is the State failed to show appellant engaged in sexual conduct.

The offense of prostitution is defined in *V.T.C.A., Penal Code, § 43.02*:

"(a) A person commits an offense if he knowingly:

"(1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or

"(2) solicits another in a public place to engage with him in sexual conduct for hire."

On August 7, 1979, an officer of the Vice Division of the Houston Police Department, R. V. Roehling, entered a "modeling studio" and met appellant. Roehling paid appellant $30 and was led to a back room. Appellant then offered to completely undress for $35, was paid, and complied. Roehling undressed, and the two got into a whirlpool bath. Appellant massaged Roehling's groin area, offered masturbation for $20, or oral sex for $25.

It can be seen that the offense is committed, in *Sec. 43.02* of the Penal Code set out above, when a person offers, agrees, or engages in sexual conduct for a fee. Each act is disjunctive. The court charged as follows:

"Now if you find from the evidence beyond a reasonable doubt that the defendant, Susanne Gallo West, did in the County of Harris, State of Texas, on or about the 7th day of August, A.D., 1979, unlawfully and knowingly offer or agree to engage in sexual conduct with R. V. Roehling for a fee, you will find the defendant guilty as charged."

See *Robinson v. State*, 596 S.W.2d 130, 133–34 (Tex.Cr.App.1980); *Ringer v. State*, 577 S.W.2d 711, 716 (Tex.Cr.App.1979). Ground one is overruled.

Appellant's second and last ground of error contends that "[t]he Court erred in denying appellant's objection to the charge at the guilt phase of the trial in that there was a fundamental variance between the information charging the appellant with the offense and the jury charge presented to the jury."

The information charges that appellant did "knowingly offer and agree to engage, and engage in, sexual conduct with R. V. Roehling for a fee." As noted above, the court's charge did not require the jury to find that appellant "engaged in" sexual conduct.

Appellant cites us *Moore v. State*, 574 S.W.2d 553 (Tex.Cr.App.1978), and *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App. 1977), to support her contention this was error. However, we believe her reliance is misplaced. In *Moore v. State*, supra, the indictment alleged only that defendant

caused serious bodily injury, but the court's charge to the jury submitted two alternative grounds for aggravated robbery. And, therefore, the jury was authorized to convict upon a theory not alleged in the indictment. *V.T.C.A., Penal Code, Sec. 29.03(a); Vernon's Ann. C.C.P., Art. 36.19.* And in *Robinson v. State*, supra, the jury charge likewise authorized a conviction under every conceivable theory under the robbery and aggravated robbery statutes, rather than limiting it to the theory alleged in the indictment.

The situation in the case at bar is more akin to that found in *Ringer v. State*, supra, where the court approved the trial court's charge which allowed the jury to convict the defendant if it found that he was guilty of any of the six statutorily enumerated means of participating in a prostitution enterprise.

█ In misdemeanor cases, the State may charge one or more phases of an offense in the conjunctive in one count and proof of either will authorize conviction. *Felix v. State*, 147 Tex.Cr.R. 161, 179 S.W.2d 556 (1944). See also, *Hutchins v. State*, 426 S.W.2d 235 (Tex.Cr.App.1968). This ground of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.