Gary Donnel **SIDNEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–84–733–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 14, 1986.

Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Robert K. Loper, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Gary Donnel Sidney appeals his aggravated assault conviction for which he was assessed five years' confinement. In six grounds of error, he asserts: (1) the trial court's charge on self-defense improperly placed on him a duty to retreat; (2) the trial court erroneously failed to submit to the jury an application paragraph on causation; (3) the trial court improperly refused to allow the appellant to cross-examine the witness Willie Earl Revis on his prior mental condition; (4) the trial court improperly refused to admit into evidence a psychological examination report of Willie Earl Revis; (5) the prosecutor improperly commented upon the appellant's failure to call Gaye Black as a witness; and (6) the trial court improperly refused to charge the jury on defense of property. We reverse on the appellant's first ground.

Between approximately 10:30 and 11:30 p.m. on August 18, 1983, the day after Hurricane Alicia struck the Gulf Coast, the automobile the appellant was driving was struck by the automobile owned and driven by the decedent, Xi–Ning Chen. Riding along with the appellant was his girlfriend and owner of the vehicle, Gaye Black. A witness, Willie Earl Revis, testified that although vehicle damage was minor, both the appellant and Gaye Black became enraged after inspecting the car. Mr. Revis testified that while Gaye Black screamed at and held a knife on Mr. Chen's friend, Zhuoyan He, the appellant yelled at Mr. Chen. According to Mr. Revis, the appellant struck Mr. Chen four times. The blows did not fall in rapid succession because after each blow Mr. Chen retreated a few steps. Each successive blow came when Mr. Chen reapproached the appellant with hands out-stretched, offering his driver's license or insurance certificate. After the final blow, Mr. Chen "just straightened up like a board and fell straight back on the street." His head struck the curb, causing skull fractures and brain contusions. Mr. Chen died five days later at Ben Taub Hospital.

Between blows to Mr. Chen, Mr. He stepped between the appellant and Mr. Chen, attempting to calm down the appellant. The appellant struck Mr. He in the eye, knocking him unconscious. When Mr. He revived, Mr. Chen was lying at the curb. Mr. He hysterically tried to wake his companion. The appellant then kicked Mr. He in the face with his bare foot.

By this time, a small crowd had gathered. The bleeding Mr. Chen became the focus of attention. The appellant and Ms. Black drove slowly away, cursing.

At the time of the incident, Mr. Chen stood five feet, nine and one-half inches tall. He weighed 145 pounds. Mr. He stood five feet, four inches tall and weighed 130 pounds. The appellant stood approximately six feet tall and weighed approximately 180 pounds.

In the appellant's version of the incident, the two Chinese men quickly exited their car after the collision. Mr. Chen approached appellant while Mr. He approached Gaye. Appellant thought that Mr. He was attempting to prevent Gaye from driving from the scene. Gaye and her ten-month-old son Ray were hysterical, crying and hollering. Mr. Chen and Mr. He were excited and speaking broken English, unable to understand what was hap-

pening. Appellant feared for himself, Gaye, Ray, and Gaye's car. He pushed Mr. Chen when Mr. Chen came near. When Mr. Chen ran back up to him, he punched Mr. Chen. He testified he did not intend to cause Mr. Chen to fall and hit his head on the curb.

In his first ground of error the appellant argues the trial court erred by charging the jury that appellant had a duty to retreat. We agree. The requirement to retreat does not apply before the use of nondeadly force and comes into play only before the use of deadly force. *Young v. State*, 530 S.W.2d 120, 123 (Tex.Crim.App. 1975). The court instructed the jury concerning self-defense as follows:

[A] person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other person or person's use or attempted use of unlawful force, *and if a reasonable person in the defendant's situation would not have retreated.* (emphasis added).

The Court then, in its application paragraph, charged the jury as follows:

Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Gary Donnell Sidney, did intentionally strike the said Xi–Ning Chen with his fist, but you further find from the evidence that, viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Xi–Ning Chen and/or Zhuo–Yan He, it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation of [sic] fear of death, serious bodily injury or bodily injury from the use of unlawful force at the hands of Xi–Ning Chen and/or Zhuo–Yan He, and that acting under such apprehension and reasonably believing that the use of reasonable force on his part was immediately necessary to protect himself against Xi–Ning Chen's and/or Zhou–Yan He's use or attempted use of unlawful force, he struck the said Xi–Ning Chen with his fists, *and that a reasonable person in the defend-*

*ant's situation would not have retreated,* then you should acquit the defendant on the grounds of self-defense....

The quoted charge is the only charge on self-defense submitted to the jury. Because it requires retreat, it is a charge on self-defense using deadly force. The appellant requested, however, a proper charge on self-defense using nondeadly force. A defendant is entitled to an affirmative defense instruction on every issue raised by the evidence. *Thomas v. State*, 678 S.W.2d 82, 84 (Tex.Crim.App.1984). Because we find evidence in the record supported submission of the charge on self-defense using nondeadly force, the trial court erroneously denied him this charge. Thus, the trial court improperly imposed the duty of retreat on the appellant by charging the jury only on self-defense using deadly force.

" 'Deadly force' means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." Tex.Penal Code Ann. § 9.01(3) (Vernon 1974). Whether the force used by the appellant could be considered "deadly" depends on the appellant's intent or use at the time the force was employed. Clearly, the record contains some evidence that by using his fists in this case the appellant intended to cause serious bodily injury to Mr. Chen. Thus, the trial court's charge on self-defense using deadly force is supported by the record. However, the record also contains evidence, in the appellant's testimony, suggesting that the appellant's use of fists was *not* intended or known by the appellant to cause or be capable of causing serious bodily injury. Thus, the issue of self-defense using nondeadly force was also raised by the evidence.

Since the evidence would support a finding of use of deadly force *or* nondeadly force, whether the force used by the appellant could be considered "deadly force" was a question of fact for the jury. *Cf. Felix v. State*, 147 Tex.Cr.R. 161, 179 S.W. 2d 556, 557 (1944) (jury question whether sandwich knife was used as deadly weapon). The trial court should have instructed the jury first to find whether the appellant

used deadly force and next to apply the appropriate self-defense charge. We sustain the appellant's first ground of error.

 Because we are remanding this case to the trial court for a new trial, we find it important to address two of appellant's other contentions. Appellant asserts that the trial court erroneously refused to allow him to cross-examine the witness Willie Earl Revis concerning Mr. Revis's mental condition. Defense counsel asked Mr. Revis "And you have had some mental problems in the past, haven't you?" Mr. Revis responded "No, I have not had mental problems, sir." Although the trial court allowed into evidence the conclusions of a clinical psychologist who had evaluated Mr. Revis and although the evaluation report concluded that Mr. Revis had "a long standing history of a serious mental illness", this evidence does not affect the appellant's right to confront this witness against him. The trial court should have allowed the appellant to cross-examine Mr. Revis on the duration, extent, and treatment of his mental condition. *Saucier v. State*, 156 Tex.Cr.R. 301, 235 S.W.2d 903, 916 (1950), *cert. denied*, 341 U.S. 949, 71 S.Ct. 1016, 95 L.Ed. 1372 (1951). This cross-examination could, on retrial, affect the credibility and weight accorded Mr. Revis's testimony by the jury. *Id.*

Although the trial court should have allowed further cross-examination, the appellant was not entitled to introduce into the record the supporting paragraphs of the psychologist's report. *Hopkins v. State*, 480 S.W.2d 212, 220–21 (Tex.Crim.App. 1972).

We find no merit in appellant's remaining grounds of error.

Reversed and remanded.

SEARS, Justice, concurring.

I concur in the results reached by the majority; however, I disagree with the majority conclusion that there is evidence to show that appellant used deadly force or that he *intended* to cause serious bodily injury. There is simply no evidence that appellant used *deadly force*. Death resulted from head injuries sustained in the fall onto the concrete curb. This resulting injury was not intended, expected or anticipated by appellant. While the use of fists in this case *resulted* in death, their manner of use was not of such severity as to be classified as deadly force. Therefore, the charge of self-defense in conjunction with the required finding that a reasonable person in defendant's position would not have retreated is reversible error.