# PD-1305-15

PD-1305-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/2/2015 8:52:38 PM
Accepted 11/3/2015 2:33:11 PM
ABEL ACOSTA
CLERK

CAUSE NO. _____

IN THE COURT OF CRIMINAL APPEALS
FOR THE
STATE OF TEXAS

AARON ANTHONY TORRES, APPELLANT

V.

STATE OF TEXAS, APPELLEE

———

PETITION FOR DISCRETIONARY REVIEW
FROM THE 19TH JUDICIAL DISTRICT COURT
MCLENNAN COUNTY, TEXAS
TRIAL COURT CASE NUMBER 2012-1062-C1
HON. RALPH STROTHER, JUDGE PRESIDING

AND IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
APPELLATE CAUSE NUMBER 13-14-0031-CR

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

November 3, 2015

ABEL ACOSTA, CLERK

DENTON B. LESSMAN
TX BAR NO. 24042474
100 N. 6TH STREET, STE. 702
WACO, TX, 76701
TELEPHONE: (254) 776-4544
FACSIMILE: (254) 776-4551
EMAIL DLESSMANATTY@AOL.COM
ATTORNEY FOR APPELLANT

ORAL ARGUMENT IS DEFERRED TO THE COURT

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| AARON ANTHONY TORRES | APPELLANT |
| STATE OF TEXAS | APPELLEE |
| DENTON B. LESSMAN<br>100 N. 6TH STREET, STE. 702<br>WACO, TEXAS 76701, | APPELLATE ATTORNEY FOR APPELLANT |
| DARREN OBENOSKEY<br>510 N. VALLYE MILLS DR.<br>STE. 302<br>WACO, TEXAS 76710 | TRIAL ATTORNEY FOR APPELLANT |
| ABELINO "ABEL REYNA<br>501 WASHINGTON AVE.<br>WACO, TEXAS 76701 | TRIAL & APPLELLATE ATTORNEY FOR APPELLEE / CRIMINAL DISTRICT ATTORNEY FOR MCLENNAN COUNTY, TEXAS |

## TABLE OF CONTENTS

## TABLE OF AUTHORITIES

**Cases**

Carpenter v. State, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998)...............8

Irby v. State, 327 S.W.3d 138, 154 (Tex. Crim. App. 2010).........................8

Johnson v. State, 433 S.W.3d 546 (Tex. Crim. App. 2014) .........................8

Perry v. State, 239 S.W.3d 859, 865 (Tex. App.—Texarkana 2007, no pet)6

Torres v. State, 2015 WL 5158385 (Tex. App.—Corpus Christi 2015, pet filed) ...............................................................................................4

**Rules**

Tex. R. App. Pro. Rule 66.3(f).................................................................4

Tex. R. App. Proc. Rule 66.3(a) & (c) .....................................................4

**Constitutional Provisions**

Sixth Amendment to the United States Constitution ..................................5

## STATEMENT REGARDING ORAL ARGUMENT

The Petitioner, Aaron Anthony Torres, requests to present oral argument on this case if the Court determines it to be beneficial in its consideration.

## STATEMENT OF THE CASE

This case is an appeal from the Honorable 13th Court of Appeals and 19th District Court of McLennan County. Aaron Anthony Torres (Torres) was indicted for the offenses of: Ct. 1) Continuous Sexual Abuse of a Child, Cts. 2-4) Aggravated Sexual Assault of a Child, Cts. 5-8) Indecency With a Child by Contact. (C.R. Vol. I-6) A jury trial was held in this matter on December 3, 2013 through December 5, 2013. (R.R. vol 1, pgs. 1-18) TORRES was found guilty and sentenced to incarceration in TDCJ for a period of life on counts 1-4, 20 years on counts 5-7. (R.R. vol. 6, pgs. 41-

42) TORRES properly filed a notice of appeal of the Trial Court's Judgment. (C.R. Vol. I-158).

## STATEMENT OF PROCEDURAL HISTORY

Notice of appeal was properly filed on 12/11/13. (C.R. I-158) The Thirteenth Court of Appeals overruled Torres' three issues and affirmed the Trial Court's judgment. Torres v. State, 2015 WL 5158385 (Tex. App.—Corpus Christi 2015, pet filed). There was no motion for rehearing filed.

## QUESTION PRESENTED FOR REVIEW

The Honorable Thirteenth Court of Appeals' holding is incorrect because it denies Torres his right to confrontation under the 6th Amendment. Torres has a right to present evidence regarding the mental status of his accuser and the extent of her mental impairment.

## REASONS FOR GRANTING REVIEW

Torres asserts that the reason for granting review is that the Tenth Court of Appeals has:

1) determined an important question of law in a way that conflicts with this court and other court of appeals' decision on the same issue, Tex. R. App. Proc. Rule 66.3(a) & (c); and,

2) so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. Tex. R. App. Pro. Rule 66.3(f).

### ARGUMENT

The Trial Court violated Torres' right to challenge the credibility and truthfulness of G.T[1] under the confrontation clause of the Sixth Amendment to the United States Constitution by excluding evidence that was necessary to challenge both her credibility and present evidence regarding mental state.

Torres' trial counsel attempted to present video evidence to the jury that showed the psychological/psychiatric/behavioral/sociological conditions of G.T. (R.R. vol. 4, pgs. 270 et. seq.) Specifically, it was a video of G.T. violently interacting with the Waco Police Department on January 7, 2013. The State objected that the video was irrelevant because the outcry was in 2010, and that there was already enough evidence regarding G.T.'s conditions before the jury. The Trial Court denied Torres' request to present the video to the jury.

Torres presented to the Court of Appeals that the excluded evidence was specific to the mental status of his accuser and the extent of her

---

[1] The alleged child victim in this case has consistently been referred to as G.T. by both parties.

mental impairment. The Thirteenth Court of Appeals overruled the issue without addressing the mental status and impairment of G.T. Instead, the Court simply addressed Torres' argument as a general confrontational clause issue.

Torres argued that the law applicable to this issue was correctly stated by Perry v. State, 239 S.W.3d 859, 865 (Tex. App.—Texarkana 2007, no pet):

> "The law is well settled that the credibility of the witness, and the weight to be given his or her testimony, is a matter for the jury to decide. *See* TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979). Equally established is the limitation placed on cross-examination by evidentiary Rule 608(b), which precludes attacks on a witness' credibility by way of specific instances of conduct, except for certain criminal convictions. However, the jury is entitled to hear evidence as to the mental status of the witness and the extent of his or her mental impairment. *See* Saucier v. State, 235 S.W.2d 903, 915–16 (Tex. Crim. App. 1950 (op. on reh'g). '[T]he mental capacity of the witness is the proper subject of consideration and impeachment as bearing upon his credibility.' Bouldin v. State, 222 S.W. 555, 557 (Tex. Crim. App. 1920. Therefore, the right to cross-examination includes the right to impeach the witness with evidence that might go to any impairment or disability affecting the witness' credibility. *See* Saglimbeni v. State, 100 S.W.3d 429, 435 (Tex.App.-San Antonio 2002, pet. ref'd (citing Virts v. State, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987; *see also* Sidney v. State, 753 S.W.2d 410, 413 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd (Trial court should have allowed appellant to cross-examine witness on the duration, extent, and treatment of his mental condition)." Perry at 865.

G.T.'s psychological/psychiatric/behavioral/sociological conditions were a main issue in this case. For example:

- During opening statements the State and Defense both clearly explained that this case was going to be about the credibility of G.T. including her psychological/psychiatric conditions. After opening, the State presented their case how G.T. was a victim of the "life she has been dealt" (State opening, R.R. vol. 3 pg. 11) and her behavior/conditions were the result thereof (R.R. vol. 3, pg. 24 [questioning of Lori Smith, LPC]; R.R. vol. 4, pg. 130 [questioning of Laura Richter, Therapist]; R.R. vol. 4, pg. 244 [questioning of Dr. Carter]).

- The testimony presented by the State included relevant time periods both before and after the alleged offenses. For example, said testimony included G.T. chasing her brother around the house with a knife when she was five (R.R. vol. 4, pg. 73); and, also included testimonial evidence - Laura Richter, Clinical Therapist at New Life, (R.R. vol. 4, pgs. 132 et seq.) - on G.T.'s condition from May 2013 until the date of trial. This 2013 testimony included G.T. losing control, being very verbally aggressive, threatening, yelling, screaming for probably at least an hour or so. (R.R. vol. 4, pg. 164).

- The State showed G.T.'s conditions required her to have inpatient treatment within several mental health facilities: Austin State Hospital, DePaul Psychiatric Center in Waco, River Crest Psychiatric Hospital in San Angelo, Methodist Home in Waco, New Life Treatment Center in Canyon Lake, and Cedar Crest Psychiatric Hospital in Belton. She was inpatient at Cedar Crest when the outcry was made. At the time of the outcry, G.T. was 12 years old.

So, how could it be impermissible for Torres to present to the jury true evidence of the nature of her condition? Clearly, the video evidence has a logical or causal connection with G.T.'s mental status or the impact of her impairment. Johnson v. State, 433 S.W.3d 546 (Tex. Crim. App. 2014); Carpenter v. State, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998); Irby v. State, 327 S.W.3d 138, 154 (Tex. Crim. App. 2010).

## CONCLUSION

The exclusion of Torres' video evidence regarding G.T.'s mental status the extent of her impairment denies him his right to confrontation under the 6th Amendment of the United States Constitution. The Intermediate Court's incorrect holding is in conflict with established Texas law as explained in Perry. Without granting this petition for discretionary review, an incorrect precedence will continue in Texas Jurisprudence.

8

## PRAYER

WHEREFORE PREMISES CONSIDERED, Torres prays that this Honorable Court will grant this petition.

Respectfully Submitted,

Law Office of Denton B. Lessman
100 N. 6th Street, Ste. 702
Waco, Texas 76701
Tel:   (254) 776-4544
Fax:  (254) 776-4551

By: _____
        Denton B. Lessman
        TX Bar No. 24042474
        Attorney for Appellant

## CERTICATE OF SERVICE

I hereby certify that a copy of this Petition for Discretionary Review was served on the State Prosecuting Attorney and the Criminal District Attorney of McLennan County via facsimile on November 3, 2015.

_____
Denton B. Lessman

## CERTIFICATE OF COMPLIANCE

I hereby certify in accordance with Rule 9.4(i)(3) that this entire document, including those excludable under Rule 9.4(i)(1), has a total of

1572 words and that this documents was produced using Microsoft Word 2013.

Denton B. Lessman

**APPENDIX**



# NUMBER 13-14-00031-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**AARON ANTHONY TORRES,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## On appeal from the 19th District Court
## of McLennan County, Texas.

---

# MEMORANDUM OPINION

## Before Justices Rodriguez, Garza, and Longoria
## Memorandum Opinion by Justice Rodriguez

Appellant Aaron Anthony Torres appeals from a judgment rendered by the 19th

District Court of McLennan County, Texas.[1]   A jury found Torres guilty of seven counts

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46, 2015 R.S.).

of sexual abuse of his minor daughter, G.T.[2]  Torres was found guilty of:  continuous sexual abuse of a child (Count 1); aggravated sexual assault of a child (Counts 2–4); and indecency with a child by contact (Counts 5–7).   TEX. PENAL CODE ANN. §§ 21.02, 22.021, 21.11 (West, Westlaw through Ch. 46, 2015 R.S.).   After the jury assessed punishment, the trial court sentenced Torres to life imprisonment on Counts 1 through 4, and twenty years' imprisonment on Counts 5 through 7.   Torres raises three issues on appeal.   We affirm.

## I.   BACKGROUND[3]

In 2010, when G.T. was twelve years old, she was admitted to the Cedar Crest Hospital and Rehabilitation Center (Cedar Crest) for treatment and evaluation for behavioral issues.   While at Cedar Crest, G.T. made an "outcry" statement to one of her therapists, Lori Smith; G.T. gave Smith a piece of paper on which she detailed her outcry statement.   The hand-written note said "when I was little my dad raped and sexually assaulted me."   G.T. also told Smith that Torres said he would kill her if she told anyone.

Smith contacted Child Protective Services and the police.   G.T. was referred to the Advocacy Center where Ann Sims, M.D. performed an evaluation.   At the Advocacy Center, G.T. provided Dr. Sims a more detailed description of the abuse:   she claimed Torres began to sexually assault her when she was eight years old and that the abuse continued until she was eleven years old.   Detective Thomas Schmidt with the Beverly

---

[2] We will refer to the minor complainant as G.T., as it was the abbreviation used by the parties in their briefing.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

2

Hills Police Department investigated the claim and determined there was probable cause to arrest Torres. Torres was later indicted for continuous sexual abuse of a child, aggravated sexual assault of a child, and indecency with a child.

Torres pled "not guilty" and elected to have a trial by jury. The jury found Torres guilty on all seven counts and assessed life imprisonment on Counts 1 through 4 and twenty years' imprisonment on Counts 5 through 7. The trial court entered judgment consistent with the verdict. This appeal followed.

## II.  CONFRONTATION CLAUSE

By his first issue, Torres contends that the trial court abused its discretion when it excluded video evidence of G.T.'s arrest in 2013. Specifically, Torres contends that the trial court violated his right to challenge the credibility and truthfulness of G.T. under the Confrontation Clause of the Sixth Amendment to the United States Constitution by excluding evidence that was necessary to challenge both her credibility and mental state.[4]

Torres's attorney argued before the trial court that the video was relevant to show, for credibility and impeachment purposes, the "mental disability or the mental capacity of the witness" and what she was going through "at that time." Upon questioning by the trial court, Torres's trial attorney clarified that he was not seeking to admit the video through Texas Rule of Evidence 608, but through the Confrontation Clause. Torres's attorney went on to say that the video was "evidence of [G.T.'s] mental incapacity, her

---

[4] At trial, Torres argued for admission of the video only on constitutional grounds pursuant to the Confrontation Clause. Torres, as the proponent of the evidence, was required to offer the evidence for its admissible purpose. *See* TEX. R. APP. P. 33.1; *Reyna v. State,* 168 S.W.3d 173, 173 (Tex. Crim. App. 2005). To the extent Torres raises other issues on appeal supporting admission of the video evidence, they are not preserved. *See* TEX. R. APP. P. 33.1; *Reyna,* 168 S.W.3d at 179.

mental disability that she's going through at those moments, and that's directly around the time frame that she is making these allegations . . . ." The trial court excluded the evidence.

Torres made an offer of proof to the trial court after it excluded his proffered evidence. Outside the presence of the jury, he called Officer Eric Trojanowski with the Waco Police Department to the stand. Officer Trojanowski testified that he responded to a call on January 7, 2013, about a disturbance in progress involving a runaway minor he identified as G.T. Officer Trojanowski took G.T. into custody in an effort to defuse the situation. The officer's video equipment recorded a video of the arrest and the subsequent ride in the patrol vehicle. That video showed G.T. aggressively resisting restraint, threatening Officer Trojanowski, and using profanity.[5]

During Officer Trojanowski's testimony, the trial court noted that the video was taken in 2013 and not in 2010 as argued by Torres. The following exchange occurred:

| Court: | I want to make sure I understood what you said earlier, Officer. This was in January of this year? |
|---|---|
| Officer: | Yes, sir. |
| Court: | Of 2013? |
| Officer: | Of 2013, yes, sir. |
| State: | So we don't even have the right officer. |
| Defense: | Oh, you know what, that's not the one before Cedar Crest. |
| Court: | Because this outcry happened in — |
| State: | 2010. |

---

[5] The video was also offered into evidence via an offer of proof.

Defense:    Right.

Court:      Okay, so this incident certainly doesn't have anything to do with this case.

Defense:    Okay, I'll just close it up, then.

        . . . .

Court:      I thought you were saying this happened in proximity to the time of the accusation.

Defense:    That's what I was thinking, but when I look back at it now, that's not correct.

## A.    Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Oprean v. State,* 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Shilling v. State,* 60 S.W.3d 280, 282 (Tex. App.—Waco 2001, pet. ref'd). The trial court did not abuse its discretion if its decision was in the "zone of reasonable disagreement." *See Oprean,* 201 S.W.3d at 726. "The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, provides: 'In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Maryland v. Craig,* 497 U.S. 836, 844 (1990) (citing U.S. CONST. amend. VI). The central purpose of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. *Crawford v. Washington,* 124 U.S. 36, 74 (2004) (citing *Craig,* 497 U.S. at 845).

> As this description indicates, the right guaranteed by the Confrontation Clause includes not only a personal examination, but also (1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility

5

of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'; and (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.

*Id.* at 845–46 (internal citations omitted). "The Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose [testimonial] infirmities [such as forgetfulness, confusion, or evasion] through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony." *Id.* at 847 (quoting *Delaware v. Fensterer,* 474 U.S. 15, 22 (1985) (per curiam)).

"Generally, the right to present evidence and to cross-examine witnesses under the Confrontation Clause does not conflict with the corresponding rights under state evidentiary rules." *Tollett v. State,* 422 S.W.3d 886, 892–93 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citing *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009)). The Confrontation Clause does not confer on a defendant the right to impeach the general credibility of a witness through otherwise prohibited modes of cross-examination. *Id.* at 893. "[D]espite a defendant's constitutional right to cross-examine witnesses, the trial court retains wide latitude to impose reasonable limits on such cross-examination based on concerns about, among other matters, harassment, prejudice, confusion of the issues, the witnesses' safety, or interrogation that is repetitive or only marginally relevant." *Id.* (citing *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010)).

**B.      Discussion**

Pursuant to the Confrontation Clause of the Sixth Amendment, Torres had the right to be confronted with the witnesses against him.   *See Craig,* 497 U.S. at 894.   G.T. testified during the trial and was subject to cross-examination by Torres.   The transcript of Torres's cross-examination of G.T. consists of sixteen pages in the reporter's record. Torres had a full and fair opportunity to probe and expose G.T.'s alleged testimonial infirmities through cross-examination.   *See id.* at 847.

Torres contends, in error, that the Confrontation Clause entitled him to admit as evidence a video recording taken three years after the outcry statement at issue for the purpose of attacking G.T.'s credibility.   However, the Confrontation Clause does not permit Torres the right to impeach G.T.'s general credibility through otherwise prohibited modes of cross-examination.   *See id.* at 893.   Though Torres had a constitutional right to cross-examine G.T., the trial court retained wide latitude to impose "reasonable limits" on cross-examination when it was prejudicial, repetitive, or only marginally relevant."[6] *See id.* (citing *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010)).

We conclude the trial court did not abuse its discretion when it excluded the video evidence because the video was duplicative of extensive testimony about G.T.'s behavioral issues and its relevance was further diluted by the fact that it occurred three years after, and not immediately before, the outcry statement at issue.   *See id.* at 894–97; *Irby,* 327 S.W.3d at 145.

We overrule Torres's first issue.

---

[6] G.T., her mother, Smith, and Dr. Sims testified regarding G.T.'s behavioral problems and her various treatment programs.

### III. TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.072

By his second issue, Torres contends that the trial court erred when it permitted the State to introduce G.T.'s "outcry" statement into evidence. Specifically, Torres contends that the State failed to follow the statutory provisions of article 38.072 of the code of criminal procedure because it did not give notice of its intent to use the outcry statement fourteen days before trial and the statement was admitted to the jury without a preliminary hearing on reliance. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West, Westlaw through Ch. 46, 2015 R.S.).

#### A. Applicable Law

Article 38.072 provides that outcry statements meeting the article's requirements are not inadmissible because of the hearsay rule. *Id.* The article requires the trial court to hold a hearing regarding reliability prior to admitting outcry testimony. *See id.* Generally, in order to complain about non-compliance with article 38.072, a defendant must preserve the issue for appeal by making an objection in the trial court. TEX. R. APP. P. 33.1(a); *Long v. State,* 800 S.W.2d 545, 548 (Tex. Crim. App. 1990) (per curiam); *Zarco v. State,* 210 S.W.3d 816, 829 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see also Gabriel v. State,* 973 S.W.2d 715, 719 (Tex. App.—Waco 1998, no pet.) ("[A]fter a hearsay objection is made, the State has the burden to show it has complied with all the requirements listed in article 38.072.").

Torres did not object to the outcry statement during trial. The State referenced the outcry statement in its opening statement, and G.T.'s therapist testified to the outcry statement without objection. Torres cited to an instance in the record in which he

8

objected to hearsay; however, the objection was unrelated to the outcry statement at issue. The following exchange occurred:

> State: And just from—You were, obviously, not there at the time of her admission, but from your review of the records, what was your understanding of the reason she was brought to Cedar Crest that day.
>
> Witness: What I see is that she was brought due to aggressive behavior, and it does say secondary—
>
> Defense: Judge, I would object. At this time she's reading from the records. It's hearsay. She didn't make the records.

It is clear from the context of Torres's hearsay objection that it was not made to the outcry statement, but was instead made to G.T.'s medical records regarding her admission to the facility, a topic unrelated to her subsequent outcry.

Accordingly, we find that Torres did not adequately apprise the trial court of the nature of his complaint and, thus, did not preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Long,* 800 S.W.2d at 548; *Zarco,* 210 S.W.3d at 828–29.

We overrule Torres's second issue.

## IV. CUMULATIVE ERROR

By his third issue, Torres contends that he was denied a fair trial based on the "cumulative errors" in the previously addressed issues. Torres's argument fails because we have determined that the trial court did not commit error at trial. *See Chamberlain v. State,* 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (noting that there is "no authority holding that non-errors may in their cumulative effect cause error"). We overrule Torres's third issue.

9

## V.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 1st
day of September, 2015.