**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00187-CR**
_____

**EX PARTE CHAD ANTHONY CRACKNELL**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-39948**
_____

**MEMORANDUM OPINION**

Chad Anthony Cracknell,[1] Appellant (Cracknell), filed this appeal challenging the trial court's denial of his pre-trial Application for Writ of Habeas Corpus. Cracknell was indicted on May 25, 2022, for the offense of prostitution-solicitation of a person who represented that the person was younger than 18 years of age, a second-degree felony under section 43.02(b), (c-1)(2)(B) of the Texas Penal Code. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 685, § 36, 2017 Tex. Gen. Laws 3044, 3063, *amended by* Act of May 26, 2019, 86th Leg., R.S., ch. 413, § 2.05, 2019

---

[1] Throughout the clerk's record, Appellant is referred to as either "Chad Antony Cracknell" or "Chad Anthony Cracknell."

1

Tex. Gen Laws 780, 785 (current version at Tex. Penal Code Ann. § 43.021(a), (b)(2)(B)). As amended, the indictment alleges that on or about February 26, 2021, in Jefferson County, Texas, Cracknell

> did then and there knowingly offer or agree to pay a fee to a person, for the purpose of engaging in sexual conduct with a person who was represented to the Defendant as being younger than 18 years of age, namely sexual intercourse and deviate sexual intercourse, and the fee constituted money.

> The relevant language of section 43.02 under which Cracknell was indicted states:

> (b) A person commits an offense if the person knowingly offers or agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another[.]
> . . .
> (c-1) An offense under Subsection (b) is a Class A misdemeanor, except that the offense is:
>> . . .
>> (2) a felony of the second degree if the person with whom the actor agrees to engage in sexual conduct is:
>> . . .
>>> (B) represented to the actor as being younger than 18 years of age[.]

*Id.*

Cracknell is a 46-year-old male who allegedly has an IQ of 55-65, and he alleges he has intellectual and developmental disabilities. The record indicates Cracknell graduated from and received a diploma from West Brook High School in 1998, but he contends he was in special classes and performed janitorial work during high school. Cracknell has held a job for twenty-plus years with the same employer,

2

doing what his father describes as "menial tasks"; he holds a valid driver's license and drives himself to and from work; he drove himself to the hotel to meet with the undercover detectives where he was arrested; he owns a vehicle and a home; and he has been married and fathered two children, both of whom are cared for by Cracknell's parents. He allegedly functions "on an intellectual and social basis at the level of an early adolescent."

According to the Investigation Report and Narrative of Detective Thomas and Detective Scaramucci, the Jefferson County Sheriff's Office, along with other detectives from the McLennan County Sheriff's Office, planned a sex and human-trafficking operation. As part of that operation, undercover detectives posted on and communicated with subjects on a sexually explicit website called "skipthegames.com" where ads selling sex are posted. The officers created and posted two separate ads with sexually explicit photos of females, along with a list of sexual acts that the undercover detectives were portraying themselves to partake in, and the ads listed phone numbers monitored by the undercover detectives. On February 26, 2021, the officers received a text message from a suspect later identified as Cracknell, who asked about the undercover officer's "specials" and the officer responded with "fs hh 60" (full service half hour $60), and the suspect (Cracknell) responded asking the price for a full hour. The undercover officer described what followed:

I told him $100. I advised him that my sister was with me and she was 16 years old and for both of us for full service half hour was $90.00. He originally said that he did not want my sister because he could go to jail but at 1711 hours he asked what my sister looked like. I sent him a picture. He said no to her. I told him it was cool that she could leave and it would just be me. At 1714 hours he asked for another picture of her. I told him no because she was underage and I did not want to get in trouble. He asked me had she ever had sex and I told him yes. He asked was her "pussy tite"? I told him to come and see. Cracknell asked if we would come to his house in Lumberton after he got off work at a beer company. He asked if he would need condoms and I advised him that it would be $20.00 more if he wanted no condom. At 1726 hours, he asked if he could cum inside of both [o]f us without a condom. He offered me a price of $200.00 to do so. I asked him if he would cum twice and he said yes. He stated he could not meet until after 1900 hours because he was at work. At[] 1735 hours he asked me would she get pregnant. I told him she would not. He asked what my race was and the race of my sister. At 1759 hours he said he was going to "cream her pussy" []. He asked for a better picture of my sister since he was paying $200.00. I told him no. He starts to beg and says that he really wants her. He asked where I will be when they are having sex. I told him I would be playing with her. At 1815 hours, he said he was leaving work. At 1817 hours, he asked how many times he could come inside her since he was paying $200. 00. I told him he had one hour. He asked if he could do anal []. At 1837 hours he said he had just gotten off work. I advised him that he was playing and was not coming. At 1846 hours, he said he was 18 minutes away. At 1858 hours he asked were we the only people in the room because he did not want to get robbed. He said he was downstairs and that he did not want anyone hollering rape. At 1905 hours he said that there were cops in the parking lot. He said he was not giving any money until he knew it was safe. At 1917 hours he was arrested by the arrest team.

. . .

Due to Cracknell responding to an ad displaying sexually explicit content and photographs which was posted on a website known for nothing other than prostitution, in conjunction with Cracknell knowing the common slang terms used to discuss prostitution, it is evident to me that Cracknell clearly understood he was meeting with what he believed to be a prostitute and an underage girl to pay for sexual conduct.

4

The trial court held a pre-trial hearing on Cracknell's pre-trial motions, and it heard testimony and received certain evidence at that hearing held on July 31, 2023, and then the trial court heard further arguments on the Application for Writ of Habeas Corpus on May 8, 2024. The trial court indicated on the record at the July pre-trial hearing that Cracknell had filed several pre-trial motions—a Motion to Adjudicate Entrapment as a Matter of Law, a Motion to Dismiss Indictment, a Motion to Suppress, a Second Motion to Dismiss Indictment, a Third Motion to Dismiss Indictment, and an Application for Writ of Habeas Corpus.[2] The trial court denied the pre-trial motions and then also denied the relief sought in the Application for Writ of Habeas Corpus. The only matter before us currently is the trial court's denial of the Application for Writ of Habeas Corpus. This is an accelerated appeal. *See* Tex. R. App. P. 31.1(b), 31.2(b).

Application for Writ of Habeas Corpus and Arguments on Appeal

In his Application for Writ of Habeas Corpus, Cracknell alleged he is mentally impaired and a member of a "protected class" and he affirmatively asserted what he describes as a "facial challenge" to the statute in question, section 43.02(b), (c-1)(2)(B).[3] Cracknell also alleged that Texas laws do not afford persons such as him

---

[2] The trial court also mentioned four motions to supplement evidence and a Notice of Insanity Plea.

[3] Effective Sept. 1, 2021, sections 43.02(b) and 43.02(c-1)(2)(B) were renumbered as sections 43.021(a), (b)(2)(B) of the Texas Penal Code, but the

5

due process and equal protection because Texas laws do not take into account a person's mental impairment, and the failure of Texas laws to recognize individuals with cognitive impairment amounts to cruel and unusual punishment as defined by Texas and Federal case law. Cracknell asserts that his cruel and unusual claim is also cognizable under a pre-trial writ of habeas corpus because mentally impaired persons such as Cracknell should not be held to the standards applicable to an ordinary person.[4] On appeal, Cracknell contends the statute in question is facially unconstitutional and unconstitutional as applied to him.

---

language challenged by Cracknell remains the same. *See* Act of May 20, 2021, 87th Leg., R.S., ch. 807, § 29, 2021 Tex. Gen. Laws 1930, 1940.

[4] In his application he made six assertions:

1) Cracknell asserts that Texas laws deny him due process and equal protection of the law because Texas laws do not take into consideration the needs and condition of persons with [a] mental impairment;

2) Cracknell asserts that in order to violate §43.02(b)(c-1)(2)(B), an overt act in furtherance of any offer or agreement to pay must occur and that absent such an act there is no crime;

3) Cracknell asserts that the "agrees to pay" language contained in §43.02(b)(c-1)(2)(B) is unconstitutional on its face because it open-endedly criminalizes inchoate conduct;

4) Cracknell asserts that §43.02(b)(c-1)(2)(B) is unconstitutional on its face because, as written, it denies a person the defense of renunciation;

5) Cracknell asserts that it is cruel and unusual punishment to apply §43.02(b)(c-1)(2)(B) to persons with significant mental impairment; and

In his appellate brief he claims he is entitled to pre-trial habeas relief on the following grounds:

1) The "agrees to pay" language of § 43.02(b)(c-1)(2)(B) is unconstitutionally overbroad, vague, and indeterminate to such an extent that it is impossible to ascertain what is meant by the term "agrees to pay".

2a) The "agrees to pay" requirement in § 43.02(b)(c-1)(2)(B) is, on its face, unconstitutional because it can be construed (as it was herein) to dispense with any need for overt conduct on the part of the offeree.

2b) A violation of § 43.02(b)(c-1)(2)(B) must require some overt act in furtherance of the "agreement" on the part of the offeree.

3) Section 43.02(b)(c-1)(2)(B) is unconstitutional because it denies an accused the right to affirmatively raise the defense of renunciation.

4) Given Cracknell's severe intellectual disability and the consequent lack of an effective resort to various defensive matters, this prosecution constitutes cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution and Art. I, § 13 of the Texas Constitution.

Cognizability of Pre-Trial Constitutional Challenges

"[A] claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release." *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006). Pretrial habeas proceedings, followed by an interlocutory appeal,

---

6) Cracknell asserts that by virtue of the Court's pre-trial evidentiary rulings, Cracknell's "as applied" challenges to §43.02(b)(c-1)(2)(B) are ripe for consideration.

7

provide an extraordinary remedy, and courts must ensure that a pretrial writ is not misused to procure a premature and inappropriate pretrial appellate review of matters. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). "A defendant may use a pretrial writ of habeas corpus only in very limited circumstances." *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). "Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *see also Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). "The accused may challenge the (1) State's power to restrain him at all, *i.e.*, the existence of probable cause, (2) the manner of his restraint, *i.e.*, the denial of bail or conditions attached to bail, and (3) certain issues that would bar prosecution or conviction." *Paxton*, 493 S.W.3d at 297. "Generally, pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged." *Ellis*, 309 S.W.3d at 79. "But unless First Amendment freedoms are implicated, a facial vagueness challenge can succeed only if it is shown that the law is unconstitutionally vague in all of its applications." *Id.* at 80 (internal citations omitted).

Cracknell does not contend the statute implicates First Amendment freedoms. So, he must show that the challenged phrase "agrees to pay" is unconstitutionally vague in all its applications. *See id.* A statute is vague if persons of common intelligence are incapable of deciphering what conduct is prohibited. *Watson v. State*, 369 S.W.3d 865, 870 (Tex. Crim. App. 2012). Cracknell does not argue that he did not understand the phrase, nor does he contend that a person of common intelligence would be incapable of understanding the phrase. We conclude that Cracknell has not shown the complained of language, "agrees to pay" is vague in all its applications, and we find he is not entitled to pretrial habeas relief. *See Ellis*, 309 S.W.3d at 80.

We must presume Section 43.02(b), (c-1)(2)(B) is constitutional. *See Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019). The party challenging a statute generally "bears the burden of establishing its unconstitutionality." *VanDyke v. State*, 538 S.W.3d 561, 570-71 (Tex. Crim. App. 2017). In a facial challenge, the claimant must allege that the law operates "unconstitutionally in *all* of its potential applications." *Estes v. State*, 546 S.W.3d 691, 697-98 (Tex. Crim. App. 2018) (emphasis added). In an as-applied challenge, the claimant "concedes the general constitutionality of the statute[]" and "asserts that the statute is unconstitutional as applied to his particular facts and circumstances." *Id.* at 698 (internal quotations omitted).

9

To successfully challenge its facial constitutionality, Cracknell had to establish that no set of circumstances existed under which the statute would be valid. *See Allen*, 614 S.W.3d at 741; *Peraza v. State*, 467 S.W.3d 508, 514-16 (Tex. Crim. App. 2015) (stating that the defendant must establish that the statute always operates unconstitutionally in all possible circumstances). We consider the statute as it is written rather than how it may operate in practice. *Peraza*, 467 S.W.3d at 515. Whether a criminal statute is facially unconstitutional is a question of law that we review de novo. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013); *Latimer v. State*, 659 S.W.3d 135, 141 (Tex. App.—Beaumont 2022, no pet.). If we determine there is a reasonable construction that will render the statute constitutional, we must uphold the statute. *Tarlton v. State*, 93 S.W.3d 168, 175 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Cracknell failed to meet his burden on his facial constitutional challenge. He argues the language "agrees to pay" when applied to an inchoate situation is too vague and indeterminate to ascertain the "factual boundaries of the conduct it was supposed to proscribe." And Cracknell contends there are only two inchoate offense statutes, conspiracy and solicitation. Cracknell is not charged with an inchoate offense. He is charged with the offense of "Prostitution" under former section 43.02(b). He complains of the phrase "agrees to pay" but fails to apply or read the phrase in context. The full section reads as follows:

(b) A person commits an offense if the person knowingly offers or agrees to pay a fee to another person for the purpose of engaging in sexual conduct with that person or another[.]

Act of May 28, 2017, 85th Leg., R.S., ch. 685, § 36, 2017 Tex. Gen. Laws 3044, 3063 (current version at Tex. Penal Code Ann. § 43.021(a)).

The offense is not inchoate.[5] The word "fee" is defined in section 43.01(1-b) to mean "the payment or offer of payment in the form of money, goods, services, or other benefit." Tex. Penal Code Ann. § 43.01(1-b). The offense of prostitution "is committed, in Sec. 43.02 of the Penal Code [], when a person offers, agrees, or engages in sexual conduct for a fee. Each act is disjunctive." *West v. State*, 626 S.W.2d 159, 160 (Tex. App.—Beaumont 1981, pet. ref'd) (citing Tex. Penal Code Ann. § 43.02). "Agrees to pay" should be given its ordinary meaning. *Frieling v. State*, 67 S.W.3d 462, 471 (Tex. App.—Austin 2022, pet. ref'd). We reject Cracknell's argument that the phrase "agrees to pay" is unconstitutionally overbroad, vague, and indeterminate or that it is impossible to ascertain what is meant by the term "agrees to pay."

---

[5] The offenses which have been designated by the Legislature as inchoate crimes are set forth in Title 4, Chapter 15, "Preparatory Offenses," and defined in sections 15.01, 15.02, 15.03, 15.031, and 15.032 of the Texas Penal Code (criminal attempt, criminal conspiracy, criminal solicitation, criminal solicitation of a minor, and child grooming, respectively). Appellant was not charged with an offense under section 15.01, 15.02, 15.03, 15.031, or 15.032 of the Texas Penal Code. The Legislature then expressly provides for a renunciation defense to these inchoate offenses in section 15.04.

11

Cracknell argues that he has a fundamental right to have his mental impairment and condition factored into his defense of his alleged criminal conduct and he contends he is a member of a "suspect class." Appellant has failed to cite any authority for his position that his alleged mental impairment should be factored into his defense of his alleged criminal conduct, and we find no authority to equate his mental condition as a "fundamental right." Texas does not recognize "diminished capacity" as an affirmative defense to criminal responsibility. *See Ruffin v. State*, 270 S.W.3d 586, 596 (Tex. Crim. App. 2008) ("The Texas Legislature has not enacted any affirmative defenses, other than insanity, based on mental disease, defect, or abnormality."). Further, the United States Supreme Court has refused to classify the mentally impaired as a "suspect class" requiring strict scrutiny. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 442, 446 (1985).

With respect to his "as-applied challenge" the State contends that the record is still undeveloped, and we do not yet know what evidence may be developed at the trial so any arguments on the "as-applied challenge" should be reserved for another day. *See State v. Rosseau*, 396 S.W.3d 550, 558 n.9 (Tex. Crim. App. 2013). Cracknell contends in his reply brief that his case fits within an exception noted in *Perry*, 483 S.W.3d at 896, because his "as-applied challenge" would be "effectively undermined if not vindicated prior to trial." An as-applied challenge that may be reviewable by pre-trial habeas would include constitutional protections involving

12

double jeopardy. *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017). That said, anti-defensive issues are not cognizable by pre-trial writ. *Id.*

We reject Cracknell's facial constitutional challenge to the statute, find the statute is constitutional, and affirm the trial court's denial of Cracknell's pre-trial application for writ of habeas corpus.[6] With respect to his as-applied challenge, we conclude that claim is not cognizable. We, affirm the denial of his pre-trial application for writ of habeas corpus.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 14, 2025
Opinion Delivered June 25, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[6] The Texas Court of Criminal Appeals and other intermediate courts have previously rejected similar challenges to other language within the prostitution statute, finding section 43.02 is not facially unconstitutional. *See, e.g.*, *Ozack v. State*, 646 S.W.2d 941, 942 (Tex. Crim. App. 1983) (en banc) (the word "offer" as used in section 43.02(a)(1) is not unconstitutionally vague); *McCarty v. State*, 616 S.W.2d 194, 196 (Tex. Crim. App. 1981) (section 43.02(a)(1)'s term of "offer" is not unconstitutionally vague); *Cardoso-Reyna v. State*, No. 03-19-00050-CR, 2021 Tex. App. LEXIS 491, at **6-7 (Tex. App.—Austin Jan. 22, 2021, no pet.) (mem. op., not designated for publication) (section 43.02(b) is not unconstitutionally overbroad); *Young Sun Lee v. State*, 681 S.W.2d 656, 662 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd) (43.02 is not unconstitutionally vague); *Tisdale v. State*, 640 S.W.2d 409, 414-15 (Tex. App.—San Antonio 1982, pet. ref'd) (section 43.02(a)(1) is not unconstitutionally overbroad as to deprive citizens of their right to privacy).